■ ANTHONY J. VALENTIA, Appellant, v MODESTINO GIUSTO, Respondent. (And a Third-Party Action.)—Mahoney, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Green, J.), entered December 7, 1990 in Orange County, which granted defendant's motion for summary judgment dismissing the complaint.

This action asserts claims based upon Labor Law § 240 (1) and common-law negligence arising out of injuries sustained by plaintiff, an employee of Donald Thompson, doing business as The Window Barn (hereinafter Window Barn), when he fell from a ladder while installing replacement windows on a two-family dwelling owned by defendant. The probative evidence establishes that pursuant to a contract between defendant and Window Barn, the latter agreed, among other things, to provide labor and materials to replace six second-story windows, three on the front of the house and three on the right-hand side. Work began approximately one week prior to the accident at issue. According to an affidavit submitted by Window Barn's site supervisor, defendant was at the worksite practically every day, inspected every window that was installed, climbed ladders where necessary, and voiced many complaints to him about how the work was being performed, especially the caulking and trim work. Ultimately, the supervisor acceded to defendant's wishes and ordered his crew to do or redo the caulking to defendant's satisfaction.

On the day of the accident defendant was again present, having taken the day off from work. At the time the Window Barn crew arrived, defendant's aluminum ladder was up against the front porch. While defendant claims that no one asked his permission to use the ladder, it was plaintiff's belief that the supervisor had obtained defendant's consent. Plaintiff proceeded to climb up the ladder, stand on the porch roof and begin replacing the three front windows. During installation of the third window, defendant climbed up the ladder, noticed that there was no caulking on the window and requested that plaintiff caulk it before installing the aluminum covering. Plaintiff advised defendant that he would have to direct his complaint to the supervisor.

Thereafter, plaintiff moved defendant's ladder to the right side of the house in preparation for replacing those windows. He positioned the ladder on his own. Evidently, the ladder, which was not tied at the top or bottom, slipped while plaintiff was on it and caused him to fall. It is uncontroverted that defendant did not see plaintiff move the ladder to the side of the house, was not in the area while plaintiff was replacing the side windows and did not witness the fall.

This action ensued. Following completion of preliminary discovery and examinations before trial of plaintiff and defendant, the latter moved for summary judgment dismissing the Labor Law § 240 (1) claim on the ground that he did not direct or control the work. Supreme Court agreed. In addition,

construing the pleadings liberally to make out a claim for common-law negligence (in response to plaintiff's urging), the court concluded that defendant owed no cognizable duty to plaintiff and likewise dismissed this claim. Plaintiff appeals.

We affirm. In analyzing whether a homeowner's actions with respect to a particular construction or renovation project amount to direction and control thereof within the meaning of Labor Law § 240 (1), the relevant inquiry is the degree to which the owner supervised the method and manner of the work *(see, Reyes v Silfies,* 168 AD2d 979; *Ennis v Hayes,* 152 AD2d 914; *Rimoldi v Schanzer,* 147 AD2d 541, 545). Here, as is epitomized in plaintiff's testimony, defendant had absolutely no control over the organization of the worksite, did not direct the order in which the work was done, who was to do what, and when or how it was to be done. Even assuming, arguendo, that defendant did consent to plaintiff's use of his ladder, he did not direct plaintiff how to use it in the performance of his work. Such consent, without more, is insufficient to create a factual question regarding defendant's direction or control of the work *(see, e.g., McAdam v Sadler,* 170 AD2d 960, *lv denied* 77 NY2d 810).

Accordingly, the dispositive issue is whether defendant, by his aggressive inspection of the work and seemingly tireless demands for correction of perceived defects, crossed the line from a legitimately concerned homeowner, for whom inspection of the work is a valid prerogative and does not result in the imposition of Labor Law § 240 (1) liability *(see, e.g., Sanna v Potter,* 179 AD2d 982), to a de facto supervisor. We think not. A fair reading of the record demonstrates that defendant was no more than a demanding and perhaps difficult customer with whom the supervisor had difficulty dealing. The fact that the supervisor, through exasperation or otherwise, chose to accede to defendant's wishes rather than to take some other course of action does not, in our view, operate as a total abdication of his supervisory role in favor of defendant. To hold otherwise would be to bring all meticulous and discriminating homeowners who insist upon work being performed in a certain fashion within the liability ambit of Labor Law § 240 (1), a result that the Legislature surely never intended.

We likewise agree with Supreme Court's dismissal of plaintiff's common-law negligence claim. Under the circumstances, defendant had no duty to plaintiff to insure that the subject ladder was properly tied down or secured.

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, with costs.