■ SAMUEL A. STEPHENS, Appellant, v PAUL TUCKER, Respondent.—Weiss, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered September 20, 1991 in Saratoga County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff and his co-worker, Steven Pincher, agreed to furnish labor to scrape, prime and paint portions of the roof and flashing on defendant's premises in the City of Saratoga Springs, Saratoga County. Defendant paid for the materials and provided a ladder while plaintiff and Pincher supplied drop cloths and tools. During the afternoon of August 24, 1987, the first day of work, plaintiff lost his balance and fell from the roof. He commenced this action against defendant to recover damages for his personal injuries alleging violations of Labor Law §§ 200 and 240. Supreme Court held that defendant was entitled to the exemption afforded owners of one and two-family dwellings under Labor Law § 240 (1) and that any unsafe condition giving rise to the cause of action under Labor Law § 200 was inherent in the circumstances and could readily have been observed and appreciated by plaintiff. The court therefore granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.

On this appeal, plaintiff first contends that defendant was not entitled to the statutory exemption accorded owners of one and two-family residences who contract for but do not direct or control the work (see, Labor Law § 240 [1]) because the rental of the premises to others during the nonsummer seasons was proof that the property was held for commercial purposes. We disagree. It is clear from the record that defendant used the premises as his residence part of each year and, in fact, was residing there on the day of the accident. Although defendant did rent the house to tenants during part of the year, it cannot be found that the property was used solely and exclusively for commercial purposes sufficient to deny him the benefit of the exemption (see, *Cannon v Putnam*, 76 NY2d 644, 650; *Pigott v Church of Holy Infancy*, 179 AD2d 161, 163; see also, *Yelland v Weissman*, 177 AD2d 874, 875).

Nor do we find merit in plaintiff's contention that by offering a general explanation of the job requirements and providing a ladder and a broom to plaintiff and Pincher, defendant assumed control and direction of the methods and manner of the work sufficient to deny him protection of the exemption (see, *Rimoldi v Schanzer*, 147 AD2d 541, 545). A homeowner does not direct and control the work on a project for purposes of Labor Law § 240 by presenting ideas and suggestions, making observations and inquiries, and inspecting the work (see, e.g., *Danish v Kennedy*, 168 AD2d 768, 769; *Sotire v Buchanan*, 150 AD2d 971, 972; see also, *Reyes v Silfies*, 168 AD2d 979, 980; *Schwartz v Foley*, 142 AD2d 635, 636, *lv denied* 73 NY2d 702). There is no proof in this record that defendant's control over plaintiff's work was different from the type of control any homeowner has over work being performed on his or her house. This kind of concern and interest in the successful completion of the job did not rise to the level required to establish supervision, direction or control and is hardly uncommon for the ordinary homeowner. Under the circumstances in this case, defendant was entitled to the exemption under Labor Law § 240 (1) as a matter of law (see, *Sarvis v Maida*, 173 AD2d 1019, 1021).

We further find that Supreme Court was correct in dismissing plaintiff's Labor Law § 200 cause of action. As previously noted, the record supports a finding that defendant neither supervised nor controlled the performance of the work, nor had knowledge of any hazard not inherent in the very work being performed (see, *Gasper v Ford Motor Co.*, 13 NY2d 104, 110, *amended* 13 NY2d 893; see also, *Rapp v Zandri Constr. Corp.*, 165 AD2d 639). The statute does not require "an owner

'to secure the safety of his servant against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the servant' " *(Gasper v Ford Motor Co., supra,* at 110, quoting *McLean v Studebaker Bros. Co.,* 221 NY 475, 478). The risks and dangers of falling and slipping on a pitched roof were inherent in the prevailing circumstances and could readily be observed by plaintiff. Accordingly, dismissal of plaintiff's cause of action under Labor Law § 200 was proper.

Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.