■ FRANK JONCHUK, JR., Respondent, v KENNETH A. WEAFER, Appellant. [604 NYS2d 353] —White, J. Appeal from an order of the Supreme Court (Travers, J.), entered September 24, 1992 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff allegedly sustained personal injuries when one of the rungs of the ladder that he was using slipped causing him

to fall off the roof he was painting at defendant's residence in the City of Albany. He thereafter commenced this action to recover damages alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). After plaintiff furnished a bill of particulars, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion finding that issues of fact existed regarding the condition of the ladder that defendant provided plaintiff. This appeal ensued.

Initially, we do not accept plaintiff's argument that defendant's motion was premature because we do not agree that plaintiff's incarceration precluded his counsel from pursuing and completing discovery in the nearly two-year interval between the commencement of this action and the return of defendant's motion (see, State of New York v Willets Point Contr. Corp., 125 AD2d 742).

The primary issue presented on this appeal is whether defendant can claim the exemption from liability afforded owners of one and two family dwellings, which is contained in Labor Law § 240 (1) and § 241, who neither direct nor control the work performed on their homes. In analyzing whether a homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner supervised the method and manner of the work (see, Chura v Baruzzi, 192 AD2d 918). Here, the record shows that on the morning of June 5, 1990, plaintiff set up defendant's 16-foot aluminum ladder and proceeded to paint the front porch roof of defendant's residence. When defendant returned home around 10:45 A.M., he became upset over the quality of the work and purportedly demanded that the job be redone. There is no proof that defendant specified how any of the original work or the repainting should have been accomplished, how the ladder was to be used or where it was to be set up.

We have held that a homeowner who was at the worksite practically every day, inspected every window that was installed, climbed ladders when necessary, and voiced many complaints about how the work was being performed did not exercise control of the work (see, Valentia v Giusto, 182 AD2d 987). Defendant's involvement here was much less intrusive and can be equated to the level of concern and interest any homeowner would have in the successful completion of a project. As plaintiff has not come forward with admissible evidence creating an issue of fact on this issue, we find that Supreme Court should have granted defendant's motion because he is entitled to the exemptions under Labor Law § 240

(1) and § 241 as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557; *Stephens v Tucker,* 184 AD2d 828).

With respect to plaintiff's common-law negligence claim under Labor Law § 200, defendant presented expert proof which showed that there were no defects in his ladder and that it was fully functional at the time of plaintiff's accident. Inasmuch as plaintiff failed to provide evidentiary proof that there was a defect in the ladder of which defendant was either actually or constructively aware, Supreme Court should have also granted defendant's motion dismissing this cause of action *(see, Danish v Kennedy,* 168 AD2d 768; *Sotire v Buchanan,* 150 AD2d 971).

Crew III, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion granted.