■ Jeffrey J. Lane, Appellant, v Gregory Karian et al., Respondents. [619 NYS2d 796] —Casey, J. Appeal from an order of the Supreme Court (White, J.), entered August 30, 1993 in Schenectady County, which, *inter alia,* granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff, who was injured while working for a masonry subcontractor on a single-family home owned by defendants Gregory Karian and Ayda Karian, contends that Supreme Court erred in concluding that as a matter of law the Karians are immune from liability under Labor Law § 240 (1) and § 241 (6). According to plaintiff, the exception contained in the statutes for the owners of one and two-family dwellings does not apply to the Karians because they hired subcontractors, visited the worksite as the work progressed and otherwise acted as their own general contractor. We find no merit in plaintiff's argument.

The statutory exception applies to the "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]). That an owner hired various contractors and effectively acted as his or her own general contractor will not render the exception inapplicable *(see, Kolakowski v Feeney,* 204 AD2d 693; *Schwartz v Foley,* 142 AD2d 635, *lv denied* 73 NY2d 702). The relevant inquiry is the degree to which the owner supervised the method and manner of the work *(Jonchuk v Weafer,* 199 AD2d 591, 592; *Ennis v Hayes,* 152 AD2d 914, 915). Here, the Karians submitted evidence to demonstrate that they had nothing to do with the method and manner in which the various contractors, including the masonry contractor, performed their work, and that they neither provided the scaffolding nor had anything to do with its erection and use at the site. According to defendant Daniel J. Estep, who was hired by the Karians to do carpentry work, the Karians voiced some complaints about the speed at which the project was progressing, but knew so little about construction that they were

unable to provide any direction and control over the various contractors. Plaintiff submitted no evidence to the contrary. The Karians' activities in providing the plans, purchasing material, hiring contractors and visiting the worksite are no more extensive than would be expected of the ordinary homeowner, and are insufficient to create a question of fact on the issue of direction and control (compare, Stephens v Tucker, 184 AD2d 828; Sanna v Potter, 179 AD2d 982, lv denied 80 NY2d 758, and Sotire v Buchanan, 150 AD2d 971, with Emmi v Emmi, 186 AD2d 1025, and Ennis v Hayes, supra). We conclude, therefore, that Supreme Court correctly granted the Karians' motion for summary judgment.

We reach a similar conclusion regarding Estep. Plaintiff claims that a question of fact exists as to whether Estep was the general contractor on the project, but we find no evidence in the record to support the claim. The undisputed evidence establishes that Estep was hired to perform certain interior and exterior carpentry and finish work, and that the Karians hired other contractors to perform other work, including plumbing, electrical and masonry work. Estep had no contract with the other contractors, including plaintiff's employer, and there is no evidence in the record to contradict Estep's testimony that he was not hired to supervise other contractors and did not do so. In the absence of any evidence that Estep had the authority to supervise and control the work of the other contractors, including plaintiff's employer, Estep cannot be liable under Labor Law § 240 (1) and § 241 (6) (see, Walsh v Sweet Assocs., 172 AD2d 111, lv denied 79 NY2d 755; Nowak v Smith & Mahoney, 110 AD2d 288).

Mikoll, J. P., Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with one bill of costs.