■ VINCENT DOUGLAS, Respondent, v GLADYS BECKSTEIN,

---

Appellant, et al., Defendant. [619 NYS2d 396] —Crew III, J. Appeal from that part of an order of the Supreme Court (Dier, J.), entered October 14, 1993 in Washington County, which denied defendant Gladys Beckstein's motion for summary judgment dismissing the complaint against her.

This is a personal injury action arising out of an accident which occurred at the single-family residence of defendant Gladys Beckstein (hereinafter defendant) on September 16, 1990. While visiting defendant prior to the accident, plaintiff, an acquaintance of defendant, commented that her house needed painting and apparently offered to perform the work. During the course of painting defendant's residence, plaintiff noticed that a portion of the roof overhang was deteriorating and in need of repair, and defendant advised plaintiff that if this area needed fixing to go ahead and do so. On the day of the accident, plaintiff apparently was preparing to rehang the shutters. Although plaintiff previously had borrowed a ladder from defendant's neighbor for such work, he was unable to do so on the morning of the accident and defendant allegedly provided him with a ladder for this purpose. As plaintiff ascended the ladder, it apparently collapsed, causing him to sustain certain injuries.

Plaintiff thereafter commenced this action against defendant and her insurance carrier, defendant New York Central Mutual Fire Insurance Company. Following joinder of issue but prior to any discovery, plaintiff moved for summary judgment and defendant cross-moved for similar relief based upon the "homeowners exemption" set forth in Labor Law §§ 240 and 241.* Supreme Court denied the respective motions without prejudice and discovery ensued. Defendant thereafter renewed her motion for summary judgment; plaintiff opposed defendant's motion and cross-moved for similar relief. Supreme Court again denied the respective motions, and this appeal by defendant followed.

There must be a reversal. Labor Law §§ 240 and 241 carve out an exception to the absolute liability imposed thereunder for owners of one and two-family dwellings who contract for but do not direct or control, *inter alia,* the manner in which repairs or painting is accomplished. "In analyzing whether a homeowner's actions amount to direction or control of a project, the relevant inquiry is the degree to which the owner

---

* Although the complaint sounds in common-law negligence, plaintiff's bill of particulars appears to indicate that plaintiff is alleging violations of Labor Law §§ 200, 240 and/or 241 as well.

supervised the method and manner of the work [citation omitted]" *(Jonchuk v Weafer,* 199 AD2d 591, 592).

Here, other than plaintiff's conclusory assertion that he performed the work at defendant's residence under her direct supervision and control, there is nothing in the record to indicate that defendant's conduct amounted to anything more than the type of concern to be expected of any homeowner interested in the successful completion of the task at hand. Even accepting as true plaintiff's assertion that defendant instructed him as to the tasks he was to complete and subsequently inspected the work he indeed performed, we have repeatedly held that such actions on the part of an interested homeowner do not rise to the level of direction and control contemplated by Labor Law §§ 240 and 241 *(see, e.g., Jonchuk v Weafer, supra,* at 592; *Sanna v Potter,* 179 AD2d 982, 983, *lv denied* 80 NY2d 758; *Stephens v Tucker,* 184 AD2d 828, 829; *compare, Chura v Baruzzi,* 192 AD2d 918). Additionally, even assuming that defendant offered plaintiff the use of the aluminum step. ladder at issue, there is nothing in the record to suggest that defendant instructed plaintiff how to use the ladder in the performance of his work *(see, Patterson v Pasa,* 203 AD2d 866; *Valentia v Giusto,* 182 AD2d 987, 989; *McAdam v Sadler,* 170 AD2d 960, *lv denied* 77 NY2d 810). Accordingly, Supreme Court erred in denying defendant's motion for summary judgment as to claims arising under Labor Law §§ 240 and 241.

We reach a similar conclusion with respect to plaintiff's Labor Law § 200 claim. To impose liability upon an owner under this section, "a plaintiff must show that the owner supervised or controlled the work performed or that the owner had actual or constructive notice of the unsafe conditions that caused the accident" *(Reyes v Silfies,* 168 AD2d 979, 980; *see, Stephens v Tucker, supra,* at 829-830). As noted previously, the record supports a finding that defendant neither directed nor controlled the performance of the work, and there is no indication that defendant had any knowledge of any defect existing in the aluminum step ladder *(see, supra).* Accordingly, defendant's motion for summary judgment should have been granted in its entirety.

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant Gladys Beckstein's motion for summary judgment; said motion is granted, summary judgment awarded to her and complaint dismissed against her; and, as so modified, affirmed.