■ KEVIN G. LIEBERTH, Appellant, v ALFRED S. WALDEN et al., Respondents. [636 NYS2d 885] —White, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 8, 1994 in Essex County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action, pursuant to Labor Law §§ 200, 240 (1) and § 241 (6), against defendants, the owners of a single-family dwelling in the Village of Lake Placid, Essex County, to recover damages for injuries he sustained on October 19, 1990 when a scaffold upon which he was standing broke, causing him to fall. Following discovery, defendants moved for summary judgment dismissing the complaint on the ground that they were entitled to the homeowner's exemption contained in Labor Law §§ 240 and 241. Plaintiff cross-moved

for, *inter alia*, summary judgment, claiming that defendants were not entitled to the exemption. In a well-reasoned decision, Supreme Court concluded that defendants were entitled to the exemption and further found that plaintiff's Labor Law § 200 cause of action was deficient. Accordingly, it granted defendants' motion and denied the cross motion. Plaintiff appeals.

Both Labor Law § 240 (1) and § 241 impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500). Recognizing that it was unrealistic to expect owners of residential dwellings to realize, understand and insure against the responsibilities imposed by these statutes, the Legislature amended them to specifically exempt "owners of one and two-family dwellings who contract for but do not direct or control the work" from the duties imposed by Labor Law § 240 (1) and § 241 (*see, Cannon v Putnam*, 76 NY2d 644, 649). In accordance with the legislative intent, the phrase "direct or control" is strictly construed (*see, Kolakowski v Feeney*, 204 AD2d 693) and, in analyzing whether an owner's action amounted to direction or control, "the relevant inquiry is the degree to which the owner supervised the method and manner of the work" (*Jonchuk v Weafer*, 199 AD2d 591, 592).

An overview of the case law discloses that it requires a significant degree of participation in the work by the owner before he or she will be deemed to have crossed the line from being a legitimately concerned homeowner to a de facto supervisor. In *Valentia v Giusto* (182 AD2d 987), where the homeowner was at the worksite practically every day, inspected every window that was installed, climbed ladders when necessary and voiced many complaints about how the work was performed, we held that he did not exercise control of the work. Likewise, in *Lane v Karian* (210 AD2d 549) we found the owner entitled to the exemption despite proof showing that he acted as his own general contractor, provided the plans, purchased the materials, hired the contractors and visited the worksite. On the other hand, we found that a question of fact was presented on the issue of direction or control where the proof showed that the owner was at the jobsite daily doing work on his own and overseeing the project in its entirety, organizing the subcontractors, routinely instructing workers at the jobsite to assist him in moving supplies and materials, and on several occasions directing the plaintiff to alter his methods of work (*see, Chura*

*v Baruzzi*, 192 AD2d 918; *see also, Relyea v Bushneck*, 208 AD2d 1077 [finding that the exemption did not apply where the owner performed some of the construction work]). In *Emmi v Emmi* (186 AD2d 1025), the exemption was denied to an owner who performed much of the construction himself, acquired and constructed the scaffolding from which the plaintiff fell, and acknowledged his responsibility to obtain safety rails for the scaffolding.

Here, the record shows that in June 1990, defendants obtained a building permit for a 2,000-square-foot addition to their residence that was based on plans drawn by defendant Elaine W. Walden (hereinafter Walden) with the assistance of a professional engineer. After securing the permit, Walden proceeded to hire the contractors for the project, among them plaintiff's employer, Thomas Matuszewski, who was engaged to do the framing, siding and interior trim work. Once the project was underway, Walden, who was on the jobsite approximately 50% of the time, changed the layout of the bathroom, the location of the closets and redesigned some windows, the deck, the pitch of the roof and the pattern of the siding. Several of the contractors hired by Walden testified at their pretrial depositions that, while Walden was involved in the layout and design of the project, she never told them how to perform their jobs.

In his pretrial testimony plaintiff acknowledged that Walden did not tell him how to construct the wall she wanted relocated in the bathroom, nor did she tell him how to install the siding or the windows. Further, he stated that he followed Matuszewski's instructions on how to build the deck and to effect the changes in the roof Walden wanted. Although plaintiff stated that Walden told him to double nail the sheetrock he was installing and instructed him to install the insulation over the studs, the general tenor of his testimony is that he would generally look to Matuszewski to tell him what had to be done.

Given the strict construction accorded the phrase "direct or control", together with the absence of proof that defendants performed any of the actual construction or continuously directed its performance, we agree with Supreme Court that, while they may have been meticulous and discriminating homeowners, they did not assume direction or control of the work (*see, Kostyj v Babiarz*, 212 AD2d 1010, 1011; *Pesa v Ginsberg*, 186 AD2d 521). Accordingly, defendants are entitled to the homeowner's exemption, thereby vitiating plaintiff's causes of action predicated upon Labor Law § 240 (1) and § 241.

Plaintiff's admission that he had no reason to believe that defendants knew he was standing on an unsafe scaffolding also

invalidates his Labor Law § 200 cause of action (*see, Uecker v Willis*, 206 AD2d 736, 737; *Stephens v Tucker*, 184 AD2d 828, 829).

We have examined plaintiff's remaining contentions and find them unpersuasive, particularly since there is no indication that defendants thwarted plaintiff's discovery rights. For these reasons, we affirm Supreme Court's order.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.