[639 NYS2d 554]

Joseph H. Krawiecki, Jr., Respondent, v Paul H. Cerutti et al., Appellants.

Third Department, March 21, 1996

324

APPEARANCES OF COUNSEL

*Ainsworth, Sullivan, Tracy, Knauf, Warner & Ruslander, P. C.,* Albany *(Michael J. Murphy* of counsel), for appellants.

*Capasso, Burns & Massaroni,* Schenectady *(Nicholas E. Tishler* of counsel), for respondent.

OPINION OF THE COURT

MIKOLL, J. P.

Defendants owned a parcel of land in the Town of Bethlehem, Albany County, upon which they intended to build their own home. Defendant Paul H. Cerutti (hereinafter Cerutti) was a mason by trade, had worked as a construction superintendent for 13 years and had also been owner of a construction company involved in commercial construction. Cerutti purchased a set of blueprints for the house they planned on building and had them reviewed and approved for use in this State by a local architect. Cerutti's wife assisted in locating subcontractors to work on the site, one of which was Roland J. Down, Inc. (hereinafter Down), owner of a plumbing and heating business. Defendants hired Down to install the heating system. When the site was ready for installation of the system plaintiff, an employee of Down, came to the building site with three ladders and heating supplies ready to work. Plaintiff then accompanied Cerutti throughout the house indicating the places where he would install the heating duct work.

On his second day at the site, plaintiff used a ladder already on the site, located in an unfinished stairwell opening leading from the first floor to the basement. Cerutti had nailed the ladder to a first floor stud by driving a single nail through the side rail of the ladder into the stud. He used this ladder many times although, as he stepped up and down the first day he used it, he noticed that it was "wobbly, like springy". Plaintiff did not ask Cerutti for any direction or advice and could not recall if Cerutti offered any on that day.

On the third day plaintiff installed a furnace and oil tank in the basement using the same ladder. Plaintiff said that neither he nor anyone else moved the ladder that day and that he had no problems with the ladder that day. On the fourth day plaintiff brought duct supplies into the basement and started installation using his own ladder. His only contact with Cerutti that day was an exchange of greetings.

Plaintiff stated that on the fifth day, the day of the accident, the ladder appeared to be in the same place as before. He had

no conversations with Cerutti that day before the accident. Plaintiff testified that he went down the ladder to the basement to work and then went up from the basement to get a light bulb from his truck. Upon his return inside he stepped onto the first rung of the ladder, it then twisted, kicked out from underneath him and he fell to the basement floor, sustaining "serious and permanent injuries". Cerutti was working in the garage at the time of the fall some 20 to 25 feet away. He responded when he heard plaintiff yell out, climbed down to the basement, comforted plaintiff and then called an ambulance from his truck.

Subsequently, plaintiff commenced this action to recover money damages for injuries he sustained as a result of the fall claiming, *inter alia*, that defendants violated Labor Law §§ 200 and 240 (1) and § 241 (6). Plaintiff also claimed that defendants permitted plaintiff to use a ladder which was inadequate for the task for which he was hired. Defendants asserted in their answer that plaintiff's claims of violations of Labor Law § 240 (1) and § 241 (6) should be dismissed because defendants' residence is a single-family dwelling exempted from Labor Law § 240 by the statute. Plaintiff thereafter moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Defendants opposed the motion and cross-moved to dismiss plaintiff's third and fourth causes of action based on violations of Labor Law § 240 (1) and § 241 (6), respectively. Supreme Court granted plaintiff's motion and denied defendants' cross motion to dismiss.

The order of Supreme Court granting plaintiff's motion for partial summary judgment and denying defendants' cross motion to dismiss plaintiff's third and fourth causes of action should be reversed; defendants' cross motion to dismiss plaintiff's third and fourth causes of action should be granted.

Defendants correctly assert that Supreme Court erred in granting plaintiff's motion for partial summary judgment holding that defendants were liable for plaintiff's injuries under Labor Law § 240 (1), because defendants did not control or direct plaintiff's performance of the work at the time of the accident. Labor Law § 240 (1) exempts owners of single-family dwellings who contract for but do not direct or control the work (*see*, Labor Law § 240 [1]; *Lane v Karian*, 210 AD2d 549, 549-550; *Douglas v Beckstein*, 210 AD2d 680, 681-682; *see also*, *Macutek v Lansing*, 202 AD2d 823, 824; *Jonchuk v Weafer*, 199 AD2d 591, 592).

The record reveals that defendants had little to do with directing or controlling plaintiff in the performance of the

work. Plaintiff worked from the blueprints on his own, according to his own plan, and advised Cerutti where he would place the duct work in the various rooms of the house. Plaintiff brought his own supplies, including ladders, to the work site. He was not given directions on how to do the work or on what to do. Cerutti did not tell plaintiff to use any particular ladder but left it to plaintiff's own choosing. Plaintiff's reliance on *Emmi v Emmi* (186 AD2d 1025) which held the defendant single-family homeowner liable is misplaced. The *Emmi* case is distinguishable in the substantial degree of control the homeowner exercised over the work and work site as well as the degree of his participation in the work. In *Emmi*, the homeowner acted as a general contractor, oversaw the project, supplied the materials used by the plaintiff, chose the design and made changes in the specifications for the building, and performed much of the construction himself (*supra*, at 1025). In *Emmi* the homeowner also acknowledged that he was responsible for obtaining safety rails for the scaffolding that he acquired and constructed. The mere status of "general contractor" does not indicate liability (*see, Lane v Karian, supra*). Consequently, defendants in this case cannot be held liable as owners of a single-family dwelling under Labor Law § 240 (1) on the ground that they directed or controlled the heating installation work plaintiff performed at their residence.

Plaintiff's argument that defendants, in view of the Ceruttis' construction experience, are not the kind of owners the statutory exemption in Labor Law § 240 (1) was intended to protect is rejected. Plaintiff's reliance on *Lombardi v Stout* (80 NY2d 290, 296) as authority for this contention is misplaced. The issue in *Lombardi* was whether the work was done for commercial purposes or only intended to improve the owner's residence. The Memorandum of the Law Revision Commission asserts that "[i]t is unrealistic to expect the owner of a one or two family dwelling to realize, understand and insure against the responsibility section[ ] 240 * * * now place[s] upon him [or her]" (Mem of NY Law Rev Commn, 1980 McKinney's Session Laws of NY, at 1657). The key circumstance for qualification for such exemption is being an owner of a one- or two-family dwelling in which the owner resides or intends to reside and we decline to read into the statute the restriction plaintiff urges.

Finally, there is no question that a single-family dwelling analysis concerning Labor Law § 240 (1) also applies to Labor Law § 241 (6) as both provisions employ the same language

*(see, Marks v Morehouse,* — AD2d —, 1995 NY Slip Op 10951 [3d Dept, Dec. 7, 1995]). Consequently, plaintiff's claim under Labor Law § 241 (6) in his fourth cause of action should likewise be dismissed.

MERCURE, YESAWICH JR., PETERS and SPAIN, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and plaintiff's third and fourth causes of action are dismissed.