■ GREGG D. VAN ALSTINE et al., Respondents, v ROCCO A. PADULA et al., Appellants. (And a Third-Party Action.) [644 NYS2d 386] —Mikoll, J. P.

Plaintiff Gregg D. Van Alstine (hereinafter plaintiff) was injured in a fall from defendants' roof on October 13, 1992 while employed as a roofer by third-party defendant, Empire Home Improvement, Inc. Defendants had contracted with Empire to perform extensive renovations to their two-family home, including repairing the roof. Plaintiff and his wife, derivatively, commenced this action against defendants alleging violations of Labor Law §§ 200, 240 and 241, whereupon defendants commenced a third-party action against Empire. After issue was joined, defendants moved for summary judgment dismissing the complaint against them on the ground that as owners of a two-family dwelling they are exempt from liability under the statutes in question. Supreme Court denied the motion for summary judgment. Defendants now appeal.

The issue before us is whether Supreme Court properly denied defendants' motion for summary judgment on the issue of liability under Labor Law §§ 200, 240 and 241. We find that Supreme Court erred in denying defendants' motion for summary judgment and, accordingly, reverse.

Defendants presented sworn pretrial testimony from Em-

pire's owner, Michael Morrissey, who confirmed that Empire was engaged in putting a new roof on defendants' two-family home. His testimony also affirmed the fact that his company supplied all the materials and equipment, including safety equipment, for the job. The testimony of defendant Rocco Padula, an apprentice electrician, indicated that he did the electrical work on the interior of the premises, which work was mostly done in the evenings, after he had finished his regular job and after Empire's employees had left. Neither Padula nor his wife directed or controlled Empire's employees in the work being done, including replacing the roof.

Defendants lived in the two-family home together with the wife's parents. Defendants raised miniature horses as a hobby, entering them in horse shows for minimal prizes. They were not involved in selling or trading the horses. The horses were housed in a barn on defendants' property which was separate and apart from the two-family house being remodeled.

Defendants' only connection with the house renovation, other than installing the electrical wiring, included exercising the normal choices of any homeowner, that is, choosing the type of foundation (wood or concrete) and making aesthetic choices (i.e., a soffit in the kitchen). Their involvement in the work included registering complaints if something was defective (e.g., a leaking door).

Summary judgment is appropriate when there is no question of fact requiring resolution by the trier of fact. When there is no issue of fact to be resolved, the matter can be determined by the court as a question of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). To impose absolute liability on defendants, it must be shown that there was a violation of a statutory mandate applicable under the circumstances and that such violation was a proximate cause of plaintiff's damages (see, Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524; Zahn v Pauker, 107 AD2d 118, 119). The analytical focus for determining issues of direction and control is the actual work out of which the injury arose (see, Sarvis v Maida, 173 AD2d 1019, 1020). A homeowner who inspects the worksite and aspects of the contractor's work does not exercise direction or control over the job (see, Valentia v Giusto, 182 AD2d 987, 989). Such concerns and interest manifested by a homeowner do not constitute supervision, direction or control (see, Stephens v Tucker, 184 AD2d 828, 829).

There are no questions of fact relevant to the issue of defendants' responsibility for plaintiff's injuries. Defendants have demonstrated by competent evidence that they exercised

no direction or control over plaintiff's activities as a roofer in replacing the roof on their two-family home. Pursuant to Labor Law § 240 (1) and § 241, owners of one or two-family dwellings are exempt from furnishing or erecting safety protection for employees working thereon (see, Sarvis v Maida, supra, at 1020).

Supreme Court found that a question of fact exists as to the question of control and direction over the job because defendants acted as their own electrical contractor during the renovations and were responsible for removing the debris and tearing down a porch (which was later done by Empire). We conclude that any work defendants reserved for themselves had nothing to do with directing and controlling the roofing aspect of the job during which plaintiff sustained his injuries. We hold that the defendants are not liable as a matter of law for plaintiffs' damages.

As to plaintiffs' claim against defendants under Labor Law § 200, the injury to plaintiff occurred when he and a coemployee ventured out onto a frost-covered roof, causing plaintiff's coemployee to fall; plaintiff, in attempting to catch his coemployee, fell as well. Labor Law § 200 "codifies the common-law duty of owners and general contractors to furnish a safe workplace" (Rapp v Zandri Constr. Corp., 165 AD2d 639, 641). The unsafe condition here was created by the manner in which plaintiff and his coemployee performed their work and, in the absence of direction and control by defendants over the work being performed, there can be no liability on the part of defendants (see, Labor Law § 200).

We note further that it was obvious to plaintiff, pursuant to his own pretrial sworn testimony, that the roof was slippery and that he should not have ventured onto it. The unfortunate fall of his coemployee, which resulted in plaintiff's fall as well, does not place on defendants the responsibility to secure against obvious risks and dangers which plaintiff should, by the reasonable use of his senses, have observed (see, Gasper v Ford Motor Co., 13 NY2d 104, 110, amended 13 NY2d 893). We conclude as a matter of law that defendants were entitled to summary judgment dismissing plaintiffs' Labor Law § 200 claim.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants and complaint dismissed.