■ JOSEPH JENKINS et al., Respondents, v WILLIAM S. JONES et al., Defendants and Third-Party Plaintiffs-Appellants. DEER-CRAFT CONSTRUCTION COMPANY et al., Third-Party Defendants-Appellants. [680 NYS2d 307] —Crew III, J. Appeal from an order of the Supreme Court (Graffeo, J.), entered February 25, 1998 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

On October 14, 1993, plaintiff Joseph Jenkins (hereinafter Jenkins) was employed as a carpenter by third-party defendant Deercraft Construction Company, a subcontractor hired to frame a home that was being constructed for defendants. On the morning in question, Jenkins' particular task was to cut and deliver the plywood for the subfloor that was being installed on the first level of the house. To deliver the cut plywood, Jenkins would place the wood on the floor deck, hop up on the lip of the poured foundation and then step onto the deck itself, whereupon he would carry the wood to the workers who were completing the installation. On one of his return trips, Jenkins allegedly slipped and fell as he was attempting to step onto the concrete lip and, as a result thereof, purportedly sustained certain injuries.

Plaintiff and his spouse, derivatively, thereafter commenced this action against defendants alleging violations of Labor Law §§ 200, 240 and 241, and defendants apparently commenced a third-party action against Deercraft and its owner, third-party defendant James George. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint contending, *inter alia*, that they were entitled to the "homeowners' exemption" set forth in Labor Law § 240 (1) and § 241. Supreme Court denied the motion, finding that there was a question of fact as to whether defendants, either individually or through an employee/agent, directed or controlled the injury-producing work. This appeal ensued.

Although "[b]oth Labor Law § 240 (1) and § 241 impose non-delegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities" (*Lieberth v Walden*, 223 AD2d 978, 979), those statutes also expressly and specifically exempt the "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241) from the duties imposed thereunder. In this regard, the phrase "direct or control" is to be strictly construed (*see, Lieberth v Walden, supra,* at 979) and, in ascertaining whether a particular homeowner's actions amount to direction or control of a project, the relevant inquiry is the

degree to which the owner supervised the method and manner of the actual work being performed by the injured employee (*see, Van Alstine v Padula*, 228 AD2d 909, 910; *appeal dismissed* 89 NY2d 858; *Jonchuk v Weafer*, 199 AD2d 591, 592; *Sarvis v Maida*, 173 AD2d 1019, 1020).

Here, plaintiffs argue, and Supreme Court found, that there was a question of fact as to whether defendants, either individually or through an employee/agent, exercised sufficient direction and control over the injury-producing work to preclude application of the statutory exemption. We cannot agree. Although it is undisputed that defendants frequently were present on the job site to check the progress of the work, Jenkins conceded at his examination before trial that defendants never provided him with any work-related instructions and that all directives, tools and equipment came from his boss, George. Further, while it appears that two changes to the framing work were made in response to concerns expressed by defendant Adrienne Jones, a homeowner does not deprive himself or herself of the statutory exemption merely by presenting ideas and suggestions, observing or inspecting the work being performed and/or registering complaints in regard thereto (*see, e.g., Van Alstine v Padula, supra*, at 910; *Stephens v Tucker*, 184 AD2d 828, 829; *Danish v Kennedy*, 168 AD2d 768, 769). Thus, although defendants provided the plans for the house, hired the contractors and frequently were present at the job site, such activities are insufficient to demonstrate that they assumed direction or control of the work (*see, Lieberth v Walden, supra*, at 980; *Lane v Karian*, 210 AD2d 549, 550).

As to the issue of the employee/agent, although plaintiffs submitted affidavits from three of Jenkins' co-workers, each of whom averred that there was a supervisor in charge of the job site and that all changes in the work had to be approved by him, plaintiffs' attempt to raise a question of fact as to direction or control is undermined by Jenkins own examination before trial testimony, wherein he conceded that he did not receive instructions from anyone other than George. Significantly, with respect to the alleged supervisor, Jenkins testified that he never spoke with the supervisor or overheard any conversations between the supervisor and George, that he had no personal knowledge of the supervisor's role on the job site, and that the supervisor neither directed or controlled his work nor provided him with any tools or equipment. Accordingly, in light of such proof, we conclude that defendants are entitled to dismissal of the Labor Law §§ 240 and 241 causes of action.

We reach a similar conclusion with respect to plaintiffs'

Labor Law § 200 claim. To impose liability upon an owner under this statutory provision, " 'a plaintiff must show that the owner supervised or controlled the work performed or that the owner had actual or constructive notice of the unsafe conditions that caused the accident' " (*Douglas v Beckstein*, 210 AD2d 680, 682, quoting *Reyes v Silfies*, 168 AD2d 979, 980). No such showing was made here. Accordingly, defendants' motion for summary judgment dismissing the complaint is granted in its entirety.

Mikoll, J. P., White and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs to defendants, motion granted, summary judgment awarded to defendants and complaint dismissed.