Guiracocha v Weiss (2003 NY Slip Op 51505(U))

[*1]

Guiracocha v Weiss

2003 NY Slip Op 51505(U)

Decided on December 15, 2003

Supreme Court, Bronx County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 15, 2003

Supreme Court, Bronx County
 Carlos Guiracocha and Yolanda Guiracocha, Plaintiffs,
against
Alex Weiss, Paulette Weiss, and TLB Carpentry & Contracting, Inc., Defendants.
INDEX NUMBER 24605/00

Alexander W. Hunter, Jr., J.
Upon the foregoing papers, the motion by defendants Alex and Paulette Weiss (hereinafter "Weiss'") for an order vacating this court's prior order dated October 20, 2003 is granted to the extent that the motion should properly be labeled a motion to vacate a default judgment. The Weiss' motion for renewal and re-argument of the court's prior order is denied insofar as it is inappropriate. The Weiss' motion for summary judgment dismissing plaintiffs' complaint against them is granted.
The cause of action arises out of injuries sustained by plaintiff Carlos Guiracocha on May 4, 2000 when he was performing construction work on a single family home owned by the Weiss' and fell off of a ladder that was positioned on a scaffold.
First, the Weiss' move to vacate this court's prior order of October 20, 2003 on the grounds that there was a reasonable excuse for their failure to appear in court on their own order to show cause. The court denied the Weiss' motion on the grounds that the summary judgment motion was late and there was no reasonable excuse and further because defendant's failed to appear in court as required under the order to show cause. The Weiss' move, in essence, to vacate the default judgment against them for their failure to appear in court on October 20, 2003.
The motion was previously before Justice Renwick and was subsequently transferred to this court. The Weiss' attorneys submit an affidavit from their motion clerk indicating that she called Justice Renwick's chambers the Friday before the appearance on the order to show cause and was informed by "someone" in Justice Renwick's chambers that no appearance was necessary on the order to show cause. The Weiss' attorneys failed to appear before this court on October 20, 2003 and they further state that they were not informed that this court would be hearing Justice Renwick's motions in her absence. It is troubling to this court that the affidavit by the motion clerk does not indicate whom she spoke to in Justice Renwick's chambers, [*2]particularly since Justice Renwick typically requires appearances on orders to show cause.
Courts have held that given the preference for the disposition of cases on the merits, a court can exercise its discretion in vacating a default judgment. Atkins v. Malota, 2003 WL 22790871 (1st Dept. 2003). To vacate a default judgment, the party must establish a reasonable excuse for the default and a meritorious defense. Id. The Weiss' contend that the reasons they have offered for default here are tantamount to law office failure which can be considered a reasonable excuse. See, Grezinsky v. Mount Hebron Cemetery, 305 A.D.2d 542 (2nd Dept. 2003). The Weiss' further contend that their summary judgment motion is meritorious in light of the caselaw on this labor law issue. In the interests of justice, this court will entertain the Weiss' motion on the merits. Moreover, plaintiffs contends that he has no objection to the vacatur of this court's prior order which denied the Weiss' motion on default.
The Weiss' motion for re-argument/renewal of this court's prior order is inappropriate since the motion was denied after a default. In any event, that branch of the Weiss' motion is rendered moot in light of the fact that this court now vacates the default judgment and is deciding this case on the merits.
The Weiss' concede that the filing of their summary judgment motion was late and they request leave to file a late motion for summary judgment. The note of issue in this case was filed on October 3, 2002. The Weiss' attorneys contend that they were substituted for the Weiss' former counsel in May of 2003 and after reviewing the file and analyzing the asserted claims, they moved in August of 2003, by order to show cause, for permission to file a late motion for summary judgment. They consented to plaintiffs' request to adjourn the motion for plaintiffs to file their opposition papers and the motion was adjourned to October 20, 2003. Plaintiffs oppose the motion for leave to file a late summary judgment motion on the grounds that the Weiss' prior counsel should have been aware of the various defenses and should have moved for summary judgment in a timely manner. Plaintiffs further contend that upon being substituted as counsel for the Weiss' the present attorneys should have filed their motion for summary judgment in a timely manner.
C.P.L.R. §3212 provides that a motion for summary judgment shall be made no later than 120 days after the filing of the note of issue, except with leave of court on good cause shown. Courts have held that the Supreme Court "is afforded wide latitude with respect to determining whether good cause exists for permitting late motions, and it may...entertain belated but meritorious motions in the interest of judicial economy where the opposing party fails to demonstrate prejudice." Samuel v. A.T.P. Development Corp., 276 A.D.2d 685 (2nd Dept. 2000). Courts have even entertained late motions for summary judgment on the eve of trial, where they were meritorious. Quinlan v. Kaufman, 258 A.D.2d 453 (2nd Dept. 1999).
Here, the Weiss' cite as good cause for the late filing, the fact that new counsel was substituted in May of 2003. Moreover, the plaintiffs have not demonstrated that they will be prejudiced if the court entertains a late motion for summary judgment. Courts have cited to the [*3]fact that "[f]oreclosing the opportunity for a summary judgment motion in a sense punishes the whole court system by keeping a case alive when an earlier arrangement for a decent funeral is possible." (Citations omitted). Rossi v. Arnot Ogden Medical Center, 252 A.D.2d 778 (3rd Dept. 1998). Accordingly, this court is permitting the late summary judgment motion of the Weiss.'
Plaintiffs, in their opposition papers, withdrew all causes of action except for those under Labor Law §§240(1) and 241(6). Therefore, the Weiss' application to dismiss the causes of action sounding in nuisance, is rendered moot. As to the Labor Law causes of action, under Labor Law §§240(1) and 241(6), property owners are absolutely liable for an employee's injuries resulting from a fall from a ladder if the owner did not properly protect the employee, unless the owner is that of a one or two-family dwelling who contracts for but does not direct or control the work. Lang v. Havlicek, 272 A.D.2d 298 (2nd Dept. 2000).
The Weiss' contend that as owners of a single-family dwelling, they are exempt from Labor Law §§240(1) and 241(6). Plaintiffs oppose the motion on the grounds that there are issues of fact as to the degree of control exercised by the Weiss' which would preclude summary judgment. Plaintiffs cite to Garcia v. Martin, 285 A.D.2d 391 (1st Dept. 2001) in support of their argument that certain actions of the homeowner may demonstrate that the homeowners have sufficient direction and control so as to remove the employee's action from the Labor Law exemption. However, the facts in that case are vastly different from those in the case at bar.
Plaintiffs list several actions of the Weiss' to support their contention that the Weiss' should be held liable. Plaintiffs point out that before plaintiff began his work on the date of his accident, defendant Paulette Weiss told him to cover the staircase because of the carpeting. Moreover, Paulette Weiss, in her deposition, testified that she told the owner of defendant TLB Carpentry & Contracting, Inc. (hereinafter "TLB") how she would like the house to look, she picked the color of the paint, told him what kind of windows she wanted, and "shared with him a vision of how we wanted our home to look like." (Weiss, Exhibit F, p. 12-13). Paulette Weiss also asked TLB's owner to keep the noise level down and remove trash from the house.
 Plaintiffs also cite to defendant Alex Weiss' deposition wherein he testified that while the work was being performed on the house he would look at the work every day because he wanted to understand what was being done and he talked to the owner of defendant TLB about "what was to be done and the timing of the job." (Weiss Exhibit F, p. 21). Plaintiffs also contend that there were some minor change orders with respect to the work to be done and, therefore, there is a question of fact as to the Weiss' direction and control.
Courts have held that the relevant inquiry into the exception for one and two-family homeowners under the Labor Law, is "the degree to which the owner supervised the method and manner of the work." Lane v. Karian, 210 A.D.2d 549 (3rd Dept. 1994). Even where the homeowners have purchased the materials, provided the plans, hired the contractors and visited the worksite, it is insufficient to create a question of fact on the issue of direction and control. [*4]Id. at 550. Courts have also held that where a homeowner visited the site almost daily, frequently had lunch with the contractors and prepared rough sketches indicating what he wanted the house to look like, it was insufficient to suggest that the homeowner supervised the "method and manner in which the work was performed." Clayson v. Oldfield, 181 A.D.2d 993 (4th Dept. 1992); (see also, Reyes v. Silfies, 168 A.D.2d 979 (4th Dept. 1990), where the homeowner supplied the ladder from which plaintiff fell and the court found that it did not constitute sufficient control or direction of plaintiff's work to require denial of summary judgment).
Here, the Weiss' actions as listed by plaintiffs, are insufficient to demonstrate that they directed or controlled plaintiff's work. All supplies were provided by TLB and TLB directed the plaintiff as to what work was to be performed each day. The Weiss' involvement was no different from that of any other homeowner such that it could be said that they supervised the manner of the work and directed or controlled plaintiff's work. Pesa v. Ginsburg, 186 a.D.2d 521 (1st Dept. 1992); Lane v. Karian (supra). Plaintiffs have failed to raise an issue of fact as to whether the Weiss' directed or controlled the injured plaintiff's work. Accordingly, the Weiss' motion for summary judgment is granted.
Movant is directed to serve a copy of this order with notice of entry upon all parties within 30 days of the date of the entry of this order and file proof thereof with the clerk's office.
This constitutes the decision and order of the court.
Dated December 15, 2003 
J.S.C.
Decision Date: December 15, 2003