In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief and a stipulation dated June 16, 2008, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated October 13, 2006, as denied that branch of its motion which was for summary judgment dismissing the complaint.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant’s motion which was for summary judgment dismissing the first cause of action alleging common-law negligence and so much of the second cause of action as alleged a violation of Labor Law § 200 and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In order to prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of his or her injuries (see Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524 [1985]; Skalko v Marshall’s Inc., 229 AD2d 569, 570 [1996]). A plaintiff asserting a Labor Law § 241 (6) cause of action must allege a violation of a specific and concrete provision of the Industrial Code (see Ross v Curtis-Palmer HydroElec. Co., 81 NY2d 494, 502-504 [1993]; Samuel v A.T.P. Dev. Corp., 276 AD2d 685, 686 [2000]), and that such violation is a proximate cause of his or her injuries (see Rosado v Briarwoods Farm, Inc., 19 AD3d 396, 399 [2005]; Plass v Solotoff 5 AD3d 365, 367 [2004]). Here, in opposition to the defendant’s prima facie showing of entitlement to judgment as a matter of law (see Guzman v Gumley-Haft, Inc., 274 AD2d 555, 556 [2000]), the plaintiff raised a triable issue of fact as to whether the specific alleged statutory and Industrial Code violations, respectively, proximately caused the tipping of the ladder in question at the time of the accident (see Hart v Turner Constr. Co., 30 AD3d 213, 214 [2006]; Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 176 [2004]). Accordingly, contrary to the defendant’s contentions, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing so much of the second cause of action as alleged violations of Labor Law § 240 (1) and § 241 (6).
Regarding the first cause of action alleging common-law *748 negligence, and so much of the second cause of action as alleged a violation of Labor Law § 200, there is an issue of fact as to whether the defendant owned the allegedly defective ladder in question, which caused the plaintiffs injury during its use. If the defendant did not own the ladder, it could be held liable for common-law negligence and under Labor Law § 200 only if it was shown that the defendant had the authority to supervise or control the performance of the work (see Chowdhury v Rodriguez, 57 AD3d 121 [2008]; Ortega v Puccia, 57 AD3d 54 [2008]). Here, the defendant, the owner of the premises where the plaintiffs fall occurred, made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not have any authority to supervise or control the performance of the work. Even assuming that the defendant did own the allegedly defective ladder, it demonstrated that the third-party defendant, American Building Maintenance Co., Inc. (hereafter ABM), the plaintiffs employer, exercised dominion and control over the ladder, by proffering evidence that ABM kept ladders, including the allegedly defective ladder, in its “shop” located on the defendant’s campus, maintained the ladders, instructed its employees to inspect the ladders prior to use and to throw out any ladders which revealed defects, and exercised discretion in allowing the defendant’s own employees to use the ladders. Under these particular circumstances, despite the defendant’s alleged ownership of the subject ladder, the defendant made a prima facie showing, as a matter of law, that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive knowledge of any danger or defect in the ladder (see Chowdhury v Rodriguez, 57 AD3d 121 [2008]). In opposition, the plaintiff failed to raise an issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant’s motion which was for summary judgment dismissing the first cause of action alleging common-law negligence and so much of the second cause of action as alleged a violation of Labor Law § 200 (see Brown v Brause Plaza, LLC, 19 AD3d 626 [2005]; Douglas v Beckstein, 210 AD2d 680 [1994]).
The parties’ remaining contentions are without merit or have been rendered academic. Rivera, J.P, Spolzino, Dillon and Balkin, JJ., concur.