Kane, J.
Cross appeals from an order of the Supreme Court (Teresi, J.), entered August 7, 2007 in Greene County, which partially granted defendants’ motions for summary judgment dismissing the complaint.
Defendant Terry Wagman (hereinafter defendant) hired plaintiff Paul B. Rosenblatt (hereinafter plaintiff) to sandblast, prime and paint the wrought iron railings on her home. Defendants James M. Wagman and Joanne Z. Wagman, defendant’s son and daughter-in-law, own the property and defen *1104 dant retains a life tenancy. According to plaintiff, defendant complained that the bucket truck that plaintiff was using damaged her lawn and she insisted that he use a ladder instead. All parties deny ownership of the ladder, which was aluminum and did not have nonskid feet. While plaintiff was on the ladder painting railings on the second story, the ladder slipped on the concrete and stone patio, propelling plaintiff and the ladder to the ground. Plaintiff sustained injuries as a result.
Plaintiff and his wife, derivatively, commenced this action alleging negligence and violations of Labor Law §§ 240 and 241 and Real Property Law § 235-b. In their bill of particulars, they also alleged a claim under Labor Law § 200. Defendants moved and cross-moved for summary judgment dismissing the complaint. Supreme Court partially granted the motions by dismissing the claims under Labor Law §§ 240 and 241 and Real Property Law § 235-b, but denied the motions as to the negligence and Labor Law § 200 claims. Plaintiffs appeal* and defendant cross-appeals.
Supreme Court properly dismissed plaintiffs’ Labor Law §§ 240 and 241 claims. Those statutes specifically exempt “owners of one and two-family dwellings who contract for but do not direct or control the work” (Labor Law § 240 [1]; § 241 [6]). The phrase “direct or control” must be strictly construed (see Lieberth v Walden, 223 AD2d 978, 979 [1996]; see also Van Amerogen v Donnini, 78 NY2d 880, 882 [1991]); the owner must significantly participate in the project “before he or she will be deemed to have crossed the line from being a legitimately concerned homeowner to a de facto supervisor” (Lieberth v Walden, 223 AD2d at 979; see Douglas v Beckstein, 210 AD2d 680, 681-682 [1994]). Merely explaining the work to be done, prohibiting activities that destroyed her lawn and providing a ladder—without directing plaintiff how to use the ladder—were insufficient acts to transform defendant into a supervisor or director of plaintiffs work (see Facteau v Allen, 293 AD2d 847, 847-848 [2002]; Kammerer v Baskewicz, 257 AD2d 811, 811-812 [1999]; Douglas v Beckstein, 210 AD2d at 682; Stephens v Tucker, 184 AD2d 828, 829 [1992]). Thus, defendants fell within the homeowner’s exemption, requiring dismissal of plaintiffs’ claims under Labor Law §§ 240 and 241.
Defendants were also entitled to summary judgment dismissing plaintiffs’ negligence and Labor Law § 200 claims. An *1105 owner’s duty to provide a safe work site does not impose a requirement “to protect a worker from defects, risks or damages that are readily observable by the reasonable use of the senses, taking into account the age, intelligence and experience of the worker” (Gavigan v Bunkoff Gen. Contrs., 247 AD2d 750, 751 [1998], lv denied 92 NY2d 804 [1998]; see Gasper v Ford Motor Co., 13 NY2d 104, 110 [1963]; Stephens v Tucker, 184 AD2d at 829-830). Plaintiffs deposition testimony established his awareness that the railing upon which he rested the ladder was wobbly and that the ladder did not have rubber feet, which would help prevent slipping. He also testified that he was not worried about either of these conditions. He had ascended and descended the ladder at least once, then moved it and ascended it again before he fell. After he fell, he replaced the ladder against the railing in an attempt to finish the job, but his injuries prevented him from ascending it. Considering plaintiffs acknowledged awareness of the allegedly dangerous or defective conditions and his own actions in placing the ladder, as well as his 25 years of experience owning a painting business, defendants cannot be held liable in negligence or under Labor Law § 200 (see D’Egidio v Frontier Ins. Co., 270 AD2d 763, 764 [2000], lv denied 95 NY2d 765 [2000]).
Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendants’ motions for summary judgment; motions granted in their entirety and complaint dismissed; and, as so modified, affirmed.

 Plaintiffs make no specific arguments in their brief regarding the dismissal of the Real Property Law § 235-b cause of action and, thus, this issue is deemed abandoned (see Kirk v Outokumpu Am. Brass, Inc., 33 AD3d 1136, 1137 n [2006]).