Yadvinder Singh, Appellant, against
against
Noah Smith, Respondent, and Beth Smith, Defendant. Noah Smith, Third-Party Plaintiff, Island Building Construction Corp. and Mohamed Asharaf, Third- Party Defendants.




Jonathan Silver, Esq., for appellant.
Ahmuty, Demers & McManus (Glenn A. Kaminska of counsel), for respondent/third-party plaintiff.
Baxter, Smith & Shapiro, P.C. (Dennis Heffernan of counsel) for third-party defendants.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered May 27, 2015. The judgment, entered pursuant to a November 3, 2014 oral decision of the same court granting defendant Noah Smith's trial motion for a directed verdict pursuant to CPLR 4401 for judgment as a matter of law, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
Plaintiff, an employee of third-party defendant Island Building Construction Corp., which is owned by third-party defendant Mohamed Asharaf, commenced this action in Supreme Court, Queens County, against Noah Smith and Beth Smith asserting causes of action for violations of Labor Law §§ 200, 240 (1) and 241 (6), and based on common-law negligence as a result of the injuries he had sustained when he had fallen off a ladder while repointing the Smiths' chimney. [*2]The action was subsequently transferred to the Civil Court pursuant to CPLR 325 (d).[FN1]


At a jury trial, plaintiff testified that, on July 3, 2003, Asharaf obtained a ladder from the Smiths' garage and tied it to the roof of the Smiths' home. While using the ladder to reach the chimney, plaintiff lost his balance, fell to the ground and suffered injuries. Plaintiff further testified that the only instructions that he had received with respect to how to perform his job were from Asharaf and that he had never personally received any direction from Noah Smith (defendant). It was stipulated that defendant was not present at the time of the accident.

During the trial, the Civil Court sustained an objection, preventing plaintiff's counsel from asking questions with respect to defendant's prior business dealings with Asharaf. After all sides had rested, the Civil Court granted defendant's oral motion for judgment as a matter of law pursuant to CPLR 4401 and dismissed the complaint. This appeal ensued.

To succeed on his causes of action under Labor Law §§ 240 (1) and 241 (6), plaintiff was required to establish that defendant, the owner of a one-family home, had directed or controlled his work (see Bagley v Moffet, 107 AD3d 1358 [2013]). In this context, the phrase direct or control is to be strictly construed and, in ascertaining whether a particular homeowner's actions amount to the direction or control of a project, the relevant inquiry is the degree to which the homeowner supervised the method and manner of the actual work being performed by the injured party (see Affri v Basch, 13 NY3d 592 [2009]; Bombard v Pruiksma, 110 AD3d 1304 [2013]). To be held liable, the homeowner must significantly participate in the project before the homeowner will be deemed to have crossed the line from being a legitimately concerned homeowner to a de facto supervisor (see Lieberth v Walden, 223 AD2d 978 [1996]; see also Snyder v Gnall, 57 AD3d 1289 [2008]; Rosenblatt v Wagman, 56 AD3d 1103 [2008]; Lane v Karian, 210 AD2d 549 [1994]). Absent such proof, a homeowner is exempt from liability.

A motion for a directed verdict pursuant to CPLR 4401 should be granted where there is no rational process by which the factfinder could base a finding in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553 [1997]). Here, the Civil Court properly granted defendant's motion for a directed verdict as there was no evidence to support a finding that defendant had directed or controlled the work at the site or that his involvement had exceeded that of an ordinary homeowner. The evidence showed that defendant had never spoken to plaintiff, that defendant had not been involved in any of the masonry work on the chimney, that defendant had not assembled or placed the ladder at the work site, and that defendant had never instructed anyone on how to use the ladder. The fact that the ladder, which was not alleged to be defective, was owned by defendant does not serve as a predicate for liability outside of the homeowner's exemption (see Chowdhury v Rodriguez, 57 AD3d 121 [2008]; Valentia v Giusto, 182 AD2d 987 [1992]). Moreover, defendant did not direct plaintiff on how to use the ladder in the performance of his work and was not even present when the ladder was set up. Thus, there was no evidence submitted to create a factual question regarding defendant's direction and control of the work (see DiMaggio v Cataletto, 117 AD3d 984 [2014]).

Plaintiff also failed to create a factual question with respect to his Labor Law § 200 claim, which codifies the common-law duty of owners and general contractors "to maintain a safe construction site" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). As previously [*3]noted, there was no evidence that defendant had exercised any direct supervision or actual control over the chimney site or the work activity bringing about the injury (see Biance v Columbia Washington Ventures, LLC, 12 AD3d 926 [2004]) and no evidence that the accident had been caused by defendant. Consequently, plaintiff's Labor Law § 200 and common-law negligence causes of action fail as a matter of law (see Cook v Orchard Park Estates, Inc., 73 AD3d 1263 [2010]; see also Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343).

Finally, we note that the Civil Court properly restricted inquiry into defendant's prior business dealings with Asharaf, as they involved collateral matters (see Feldsberg v Nitschke, 49 NY2d 636 [1980]).

Accordingly, the judgment is affirmed.
WESTON, J.P., PESCE and ALIOTTA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 02, 2018



Footnotes

Footnote 1:Prior to trial, the complaint, insofar as asserted against defendant Beth Smith, was dismissed.