■ JOHN T. MCADAM, Respondent, v GERALD SADLER, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff's claim pursuant to Labor Law § 240 (1) should have been dismissed. Owners of one-family homes who contract for but do not "direct or control" the work are exempt from the duty imposed by the statute (see, Cannon v Putnam, 76 NY2d 644). The evidence submitted in support of defendant's motion for summary judgment established that defendant, who owns a one-family home and entered into a contract with plaintiff's employer to install vinyl siding, did not direct or control the work. The fact that defendant agreed to allow plaintiff to borrow his stepladder, without more, does not create a factual issue concerning defendant's direction or control of the work (see, Reyes v Silfies, 168 AD2d 979; Balduzzi v West, 141 Misc 2d 944, 947, affd 144 AD2d 1036, lv dismissed 74 NY2d 650).

Plaintiff's claim pursuant to Labor Law § 200 also should have been dismissed. An owner's duty to provide a safe workplace does not encompass protecting workers against defects that are readily apparent (see, Gasper v Ford Motor Co., 13 NY2d 104, 110, mot to amend remittitur granted 13 NY2d 893). Here, the defective condition of the ladder was readily observable and plaintiff admitted at an examination before trial that he knew that the ladder was unsafe and so informed his supervisor on three occasions prior to his accident.

Finally, the court erred by failing to dismiss plaintiff's claim

alleging common-law negligence. Defendant here was, at most, a gratuitous bailor, who owed a user of the chattel a duty to warn of any defects of which he had actual notice. That duty, however, does not extend to defects which are patent *(see, Sofia v Carlucci,* 122 AD2d 263; *Daoust v Palmenteri,* 109 AD2d 774, 775). Here, plaintiff admitted that he was aware of the defective condition of the ladder. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Summary Judgment.) Present—Callahan, J. P., Doerr, Boomer, Pine and Balio, JJ.