■ CAREN CORNELL, Appellant, v CITY OF ALBANY, Respondent. [605 NYS2d 464] —Mikoll, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered February 4, 1993 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was injured while tobogganing down a hill on a golf course maintained by defendant. The area was posted with a notice indicating that use was at the user's risk. It was known to defendant that the course was used for cross-country skiing and tobogganing. Plaintiff was injured when her toboggan became airborne after passing over a rise below which was a 2- to 3-foot excavation into the hill, made by defendant in preparation for the installation of a golf cart path there the following summer. Plaintiff came down and hit the ground violently, sustaining grave injuries to her spine.

Supreme Court granted defendant's motion for summary judgment dismissing the complaint, holding that plaintiff assumed the risk of injury of the sport and that plaintiff failed to state a claim of negligence against defendant as a matter of law. We disagree. It has been held that where a governmental body undertakes to maintain an area for recreation, in general some degree of supervision ought to be exercised to assure that the area is reasonably fit for that purpose. Defendant owed a duty to exercise reasonable care under the circumstances to maintain its property in a safe condition *(see, Mesick v State of New York,* 118 AD2d 214, 216, *lv denied* 68 NY2d 611; *see also, Kush v City of Buffalo,* 59 NY2d 26, 29; *Basso v Miller,* 40 NY2d 233, 241).

The issue here is whether, under the circumstances, defendant had exercised reasonable care in allowing tobogganing in the area and/or in failing to post a warning of the 2- to 3-foot indentation in the side of the hill which was obscured by the blanket of snow. The issue of whether defendant exercised reasonable care is a factual question and makes summary judgment inappropriate *(see, Andre v Pomeroy,* 35 NY2d 361).

Defendant contends that plaintiff assumed the risk of the sport, thus barring her action; Supreme Court concurred and dismissed the complaint. The court found that plaintiff assumed the risk of her injury which is normally associated with the sport. Plaintiff's assumption of the risk of the sport does not necessarily bar her action. It is an element to be considered in determining the proportion of her culpable conduct, if any. Plaintiff was a novice tobogganer and her ability to perceive danger and assume risks is to be weighed based on her knowledge and experience *(see, Turcotte v Fell,* 68 NY2d 432, 440). The resolution of this question of fact must also abide a trial.*

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur.

---

* We note that nothing in this decision should be construed as deciding

Ordered that the order is reversed, on the law, with costs, and motion denied.

---

whether the standard of care set forth in General Obligations Law § 9-103 is applicable to this case *(see, Clark v State of New York,* 178 AD2d 908; *Dean v Glens Falls Country Club,* 170 AD2d 798).