■ VINCENT DEMARTINO et al., Respondents, v CBS AUTO BODY AND TOWING, INC., et al., Appellants, et al., Third-Party

Plaintiff. SQUIRE DEMOLITION CORP., Third-Party Defendant-Respondent. [618 NYS2d 92] —In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated May 27, 1993, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting that portion of the order which denied that branch of the defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 200 and substituting therefor a provision granting that branch of the defendants' motion; as so modified the order is affirmed, insofar as appealed from, without costs or disbursements.

The plaintiff, an employee of the third-party defendant Squire Demolition Corporation, was injured while demolishing a one-family house located on property owned by the individual defendants DiNapoli and Barbitta, who are the principals of the defendant CBS Auto Body and Towing, Inc. Prior to the accident, the house was used exclusively as an office for CBS, although no rent was paid by CBS to the individual defendants. After the CBS offices were moved to another structure on the premises, CBS contracted with Squire to demolish the house so as to increase the "landbase" for the continuing business enterprise. It is uncontroverted that the defendants have never used the house for residential purposes.

Labor Law § 241 (6) imposes a non-delegable duty upon all owners to provide adequate and reasonable protection to persons employed in construction, excavation and demolition work, regardless of their lack of direction or control of the worksite *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Pouso v City of New York,* 177 AD2d 560). Moreover, the term "owner" is not limited to titleholders *(see, Copertino v Ward,* 100 AD2d 565). Indeed, within this statutory context, the term "owner" encompasses a party with an interest in the property "who fulfilled the role of owner by contracting to have work performed for his benefit" *(Copertino v Ward, supra,* at 566; *see also, Buonassisi v Sears, Roebuck & Co.,* 43 AD2d 701, 702-703). Therefore, contrary to the defendants' contention, CBS may be held liable to the plaintiff for failure to discharge the statutory duty imposed by Labor Law § 241 (6). The defendants may not avail themselves of the statutory exemption pertaining to the owners of one-and-two-family dwellings because the one-family house at issue herein was

used purely for commercial purposes *(see, Lombardi v Stout,* 80 NY2d 290).* In addition, contrary to the defendant's contention, the plaintiffs have properly alleged the violation of 12 NYCRR 23-1.23, an Industrial Code provision "mandating compliance with concrete specifications" *(Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505, *supra; cf., Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *cf., Gordineer v County of Orange,* 205 AD2d 584). Accordingly, the Supreme Court correctly denied the defendants' motion for summary judgment regarding the Labor Law § 241 (6) cause of action.

However, the Supreme Court did err in denying the defendants' summary judgment motion with regard to the cause of action alleging common law negligence *(see,* Labor Law § 200 [1]). There is no triable issue regarding the fact that the accident arose out of a defect in the method of operation and, similarly, that the defendants exercised no supervisory control over the demolition operation *(see, Comes v New York State Elec. & Gas Corp., supra,* at 877). O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.