■ PATRICIA DUCLOS et al., Respondents, v ROBERT BISORDI, Doing Business as BISORDI CONTRACTING, Appellant. [618 NYS2d 424] —In an action to recover damages for breach of contract in which the defendant has counterclaimed to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated February 10, 1993, which granted the plaintiffs' motion for summary judgment dismissing the first and fourth counterclaims.

Ordered that the order is affirmed, with costs.

The defendant failed to establish that the plaintiffs supervised or controlled the manner and method of the work performed by him pursuant to the parties' construction contract. Thus, the Supreme Court correctly found that, as the owners of a one-family dwelling, the plaintiffs are exempt from the provisions of Labor Law §§ 240 and 241 and that

they are not liable to the defendant for the alleged violations thereof *(see, Cannon v Putnam,* 76 NY2d 644; *see also, Valentia v Giusto,* 182 AD2d 987, 989; *Sotire v Buchanan,* 150 AD2d 971).

Additionally, the plaintiffs have established that they are not liable for the alleged violation of Labor Law § 200. An owner's duty to provide a safe workplace does not encompass protecting workers against defects or conditions that are readily apparent *(see, McAdam v Sadler,* 170 AD2d 960). Here, the defendant testified at his pretrial deposition, that he was aware of the condition of the allegedly defective ladder prior to the date of the accident. Under these circumstances, the court properly granted summary judgment in favor of the plaintiffs on the first and fourth counterclaims. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.