■ KYLE CHAVIOUS et al., Respondents, v FRIENDS ACADEMY, Defendant and Third-Party Plaintiff-Appellant. THOMAS MAIER DOOR SERVICE, INC., Third-Party Defendant-Appellant. [624 NYS2d 180] —In an action, *inter alia,* to recover damages for personal injuries, etc., based on violations of the Labor Law, the defendant and the third-party defendant separately appeal from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered September 13, 1993, as denied those branches of their separate motions which were for summary judgment dismissing the plaintiffs' claim pursuant to Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Contrary to the contention of the appellants, the plaintiff Kyle Chavious was engaged in construction work within the purview of Labor Law § 241 (6) at the time of his accident as the work involved alteration and/or repair of a building *(see,* 12 NYCRR 23-1.4 [b] [13]; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70). Further, the plaintiffs have alleged and submitted evidence of violations of specific directives of the Industrial Code (12 NYCRR 19.4, 19.32; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *DeMartino v CBS Auto Body & Towing,* 208 AD2d 886). Consequently, the Supreme Court properly denied those branches of the motions which sought summary judgment dismissing the plaintiffs' claim pursuant to Labor Law § 241 (6). Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.

■ LOIS FISCHMAN, Respondent, v STUART FISCHMAN, Appellant. [624 NYS2d 909] —Appeal by the defendant, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Rosato, J.), entered June 30, 1994.

Ordered that the order is affirmed insofar as appealed from, with costs, for reasons stated by Justice Rosato at the Supreme Court. Bracken, J. P., O'Brien, Santucci and Florio, JJ., concur.