SECOND DEPARTMENT, 1995

(April 3, 1995)

■ ANTONIO ABREU et al., Respondents, v MANHATTAN PLAZA ASSOCIATES, Defendant and Third-Party Plaintiff-Appellant. SCOTGRE ELECTRIC, INC., Third-Party Defendant-Respondent. [625 NYS2d 234] —In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant third-party plaintiff Manhattan Plaza Associates appeals from a judgment of the Supreme Court, Queens County (Smith, J.), entered January 5, 1993, which (1), upon a jury verdict, is in favor of the plaintiffs and against it in the principal amount of $64,769.30, and (2) dismissed the third-party complaint.

Ordered that the judgment is modified, on the law, and as a matter of discretion, by deleting therefrom the first three decretal paragraphs and substituting therefor a provision dismissing the complaint; and it is further,

Ordered that the defendant third-party plaintiff is awarded one bill of costs, payable by the plaintiffs.

The plaintiff Antonio Abreu was injured when an electrical transformer weighing about 2,500 pounds fell on his hand as he was attempting to remove a shipping pallet from underneath it. The transformer had been raised a matter of inches in order to enable Abreu to remove the pallet. Abreu and his wife brought the present action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6) against the defendant Manhattan Plaza Associates (hereinafter Manhattan Plaza), the owner of the building in which he was working. After trial, the jury found that Manhattan Plaza was not negligent, but that it had violated Labor Law § 240 (1) and § 241 (6). Judgment was entered in favor of the plaintiffs against Manhattan Plaza for the full amount of the damages awarded based on the absolute liability imposed upon owners for violations of Labor Law § 240 (1). Manhattan Plaza now appeals from that judgment. We dismiss the complaint.

It is now well settled that Labor Law § 240 (1), which imposes absolute liability, "is addressed to situations in which a worker is exposed to the risk of falling from an elevated worksite or being hit by an object from an elevated worksite" *(Rocovich v Consolidated Edison Co.,* 167 AD2d 524, 526, *affd* 78 NY2d 509). Furthermore, "[a]n object falling from a miniscule height is not the type of elevation-related injury that this statute was intended to protect against" *(Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657, 658). Since the transformer had been raised only inches above Abreu before it fell on his hand, Labor Law § 240 (1) does not apply to this case, and there is no basis on which the plaintiffs can recover pursuant to Labor Law § 240 (1). Thus, the trial court erred in directing that judgment be entered against Manhattan Plaza for the full amount of the jury's damages award pursuant to this section.

With respect to the plaintiffs' claim under Labor Law § 241 (6), we find that Abreu was engaged in "construction work", as defined by the Industrial Code *(see,* 12 NYCRR 23-1.4 [b] [13]), when he was injured. However, in order to support a claim based on Labor Law § 241 (6), a plaintiff must allege a violation of a specific "concrete" provision of the Industrial Code *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Demartino v CBS Auto Body & Towing,* 208 AD2d 886). In this case, the plaintiffs' allegations in this regard wholly fail. Regulations which merely establish general safety standards do not give rise to a nondelegable duty *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 505; *Biszick v Ninnie Constr. Corp.,* 209 AD2d 661). Although the plaintiffs claim that Manhattan Plaza waived this error by failing to raise it at trial or in its post-trial motions, "if the alleged error is fundamental, this court may reverse in the interest of justice even if there was no objection to the error at trial" *(Graham v Murphy,* 135 AD2d 326, 329). Since our review of the Industrial Code reveals the plaintiffs cannot correctly allege a violation of a specific "concrete" provision of the Industrial Code in this case, there is no basis on which to impose liability upon Manhattan Plaza pursuant to Labor Law § 241 (6) *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra).*

In light of these conclusions and the jury's finding that Manhattan Plaza was not negligent, we dismiss the complaint. As a result, we need not address Manhattan Plaza's remaining contentions. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.