■ BENNETT KINSLER et al., Appellants, v LU-FOUR ASSOCIATES et al., Respondents, and LAVASTONE WHIRLPOOL BATH SYSTEMS, INC., Defendant and Third-Party Plaintiff-Respondent. BEATO FUEL & APPLIANCE CORP., Third-Party Defendant-Respondent. [628 NYS2d 303] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered June 24, 1993, which, inter alia, granted the separate motions of the defendants Lavastone Whirpool Bath Systems, Inc., and Gary Graves, and the defendant Tub Factory of Long Island, Inc., and the third-party defendant, Beato Fuel & Appliance Corp. for summary judgment and dismissed the complaint and third-party complaints.

Ordered that the order and judgment is reversed, on the law, and the motions are denied; and it is further,

Ordered that upon searching the record, the plaintiffs are

granted partial summary judgment on the issue of liability on their cause of action under Labor Law § 240 (1) against the defendant Lavastone Whirlpool Bath Systems, Inc.; and it is further,

Ordered that the appellants are awarded one bill of costs payable by the respondents appearing separately and filing separate briefs.

The Supreme Court erred in dismissing the plaintiffs' causes of action under Labor Law § 240 (1) as the evidence indicated that the plaintiff was working on an oil burner or suspended warm air furnace, which was suspended from the ceiling of a building by rods. Under these facts, the oil burner is deemed part of the building for the purposes of Labor Law § 240 (1) (see, Izrailev v Ficarra Furniture, 70 NY2d 813; Buckley v Radovich, 211 AD2d 652). Moreover, the burner by itself is a "structure" under Labor Law § 240 (1) (see, Lewis-Moors v Contel of N. Y., 78 NY2d 942; Kahn v Gates Constr. Corp., 103 AD2d 438). The plaintiff was engaged in "repair" work at the time of the accident, which is one of the activities specifically protected under Labor Law § 240 (1) (see, Izrailev v Ficarra Furniture, supra).

Because the plaintiffs presented evidence that the accident was caused when an unsecured ladder slipped, they established a prima facie case under Labor Law § 240 (1) (see, Lopez v 36-2nd J Corp., 211 AD2d 667; Bryan v City of New York, 206 AD2d 448). The defendants failed to raise a triable issue of fact as to this question. Therefore, upon searching the record (see, Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106), partial summary judgment is granted in favor of the plaintiffs on the issue of liability on their cause of action under Labor Law § 240 (1) insofar as it is asserted against the defendant Lavastone Whirlpool Bath Systems, Inc., who, on this record, is the only defendant thus far established to be an "owner" (see, DeMartino v CBS Auto Body & Towing, 208 AD2d 886).

The Supreme Court also erred in dismissing the Labor Law § 241 (6) cause of action, as the record establishes that the plaintiff was engaged in "construction work" as defined by 12 NYCRR 23-1.4 (b) (13) (see, Chavious v Friends Academy, 213 AD2d 509). Furthermore the allegation of a violation of 12 NYCRR 23-1.21 (b) (4) (i) is sufficient on these facts to warrant denial of the defendants' motions for summary judgment as to the Labor Law § 241 (6) cause of action (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494). The other regulations

cited by the plaintiff have no application to the facts of this case.

Furthermore, the Labor Law § 200 and common-law negligence causes of action should not have been dismissed as there are questions of fact regarding each defendant's contribution to the conditions which led to the accident *(see, Maher v Atlas Tr. Mix Corp.,* 104 AD2d 591; *cf., Lombardi v Stout,* 80 NY2d 290).* Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.