■ AMANDA BERNAL, Appellant, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. VIM WATERPROOFING AND RESTORATION CORP., Third-Party Defendant-Respondent. [628 NYS2d 823] —In an action to recover damages for personal injuries based on a violation of Labor Law § 240, the guardian ad litem for the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), entered January 24, 1994, as denied the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contentions, the trial court did not err in failing to grant summary judgment in his favor on the issue of liability under Labor Law § 240, because there exists a question of fact as to whether the violation of this statutory provision was a proximate cause of the plaintiff's injuries. There was testimony at an examination before trial that the plaintiff fell when one of his coworkers was attempting to lower him on a "Hi-Lo." The Hi-Lo, however, had apparently bumped the scaffolding which then collapsed. Additional, testimony established that prior to the accident the parties had not used a Hi-Lo to raise or lower people on the scaffolding and that the most secure way to get up and down was to climb the scaffolding structure. Given this evidence, a reasonable fact-finder might conclude that the coworker's conduct was the sole

proximate cause of the plaintiff's injuries or that the coworker's conduct constituted an unforeseeable superseding, intervening act *(see, Anderson v Schul/Mar Constr. Corp.,* 212 AD2d 493; *Richardson v Matarese,* 206 AD2d 353; *Styer v Vita Constr.,* 174 AD2d 662; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Rosenblatt, J. P., Ritter, Copertino and Hart, JJ., concur.