■ CHRISTOPHER ENGLISH, Appellant-Respondent, v CITY OF ALBANY, Appellant, and BURTON F. CLARK, INC., Respondent, et al., Defendants. [652 NYS2d 873] —Mikoll, J. P. Appeals (1) from a judgment of the Supreme Court (Kahn, J.), entered October 16, 1995 in Albany County, upon a dismissal of the complaint and cross claims against defendant Burton F. Clark, Inc. at the close of evidence, and (2) from an order of said court, entered January 2, 1996 in Albany County, which denied defendant City of Albany's motion to set aside the jury verdict against it.

Plaintiff was injured on February 3, 1990 while tobogganing on golf course property owned by defendant City of Albany. During a run down a hill, the toboggan collided with a catch basin structure and/or the surrounding depression caused by erosion. The catch basin was built by defendant Burton F. Clark, Inc. (hereinafter Clark) during the prior summer as a part of the renovation of the golf course. Under contract with the City, Clark was obligated to take various preventative measures to contain soil erosion. Plaintiff sustained serious injuries, including a fracture of his lumbar vertebrae, when his toboggan hit a depression near the catch basin, damaging the toboggan and throwing plaintiff, causing his injuries.

A notice of claim was filed against the City on April 23, 1990 pursuant to Municipal Law § 50-e and was received on May 2, 1990; a summons and complaint was filed shortly thereafter. A second amended complaint was filed January 28, 1993 naming Clark as an additional defendant. The complaint contained two causes of action—the first alleging negligence against the City and the second alleging negligence against Clark.

A trial ensued. At the end of plaintiff's proof Supreme Court dismissed the cause of action against Clark. The trial continued against the City with the jury finding plaintiff 45% liable and the City 55% liable for the accident. The court denied the City's motion to set aside the verdict. Plaintiff and the City both ap-

peal from the October 16, 1995 judgment dismissing the complaint and all cross claims against Clark. The City also appeals the order denying its motion to set aside the verdict against it.

The City's main argument for reversal is based on its contention that it is entitled to the protection of General Obligations Law § 9-103. The City contends that the record evinces the suitability of the site for winter activity, including tobogganing, and consequently it is not liable for plaintiff's injuries under this statute. Supreme Court rejected the argument, finding that the golf course was under extensive reconstruction and unsuitable for tobogganing, and held that the statute is inapplicable to protect the City from liability.

While we reject the logic of Supreme Court, we nonetheless find the end result supportable for the reasons articulated by the Court of Appeals in *Ferres v New Rochelle* (68 NY2d 446, 453), where it held that General Obligations Law § 9-103 does not provide immunity to a municipality in the operation and maintenance of a public facility. In the instant case, the City's golf course was held open to the public for winter activities including tobogganing, with a supervising staff on site during daylight hours. Plaintiff sustained his injuries as a result of hitting the area of the catch basin which had eroded creating depressions. The City's motion to set aside the verdict as being against the weight of evidence was properly denied.

We also reject the City's contention that plaintiff voluntarily assumed the risk of tobogganing with its inherent risks, which he acknowledged that he understood. It is urged that the risk was clearly apparent and reasonably foreseeable. We adhere to our holding in *Cornell v City of Albany* (199 AD2d 756, 757), where we indicated that a plaintiff's assumption of risk of the recreational activity does not bar his action but is an element to be considered in determining the proportion of culpable conduct, if any. The record supports the jury's apportionment of fault.

We reject the other argument raised by the City for reversal of the verdict as without merit or belatedly presented here and decline to discuss them.

As to plaintiff's appeal of Supreme Court's directed verdict of dismissal in Clark's favor, it is fundamental law that such motion must be denied if there is any rational basis upon which a jury could find for the opposing party (*see, Rhabb v New York City Hous. Auth.*, 41 NY2d 200). The opposing party is entitled to every favorable inference which could be drawn from the evidence submitted. A contractor is not absolved from liability to a third party for injuries occurring after the work is

completed even when the owner accepts the work as acceptable (*see, Sternbach v Cornell Univ.*, 162 AD2d 922).

In the instant case, there was conflicting evidence produced as to whether Clark conformed to the contract specifications, that is, did it seed and plant grass to prevent erosion gullies from forming as required by his contract with the City. In view of the disputed credibility issue on this point, the motion should have been resolved in plaintiff's favor and the issue of defendant's culpability submitted to the jury. The suspension of work by Clark for the winter months did not absolve Clark from any defect attributable to it which created the erosion gullies on landscape to be used for winter activities where such depressions foreseeably would give rise to a dangerous situation. Some of the evidence pointed to Clark's failure to install sediment controls at all culvert ends and Clark's failure to maintain seeded areas as called for in the contract between Clark and the City.

We note that in denying the City's posttrial motion for setting aside of the verdict, Supreme Court reasoned: "The proof at trial established that the area in which plaintiff was injured was under construction and left unseeded by the defendant [City] for the winter which caused erosion to occur, creating an unsafe condition that caused the plaintiffs' injuries." In view of the court's finding that erosion gave rise to depressions which plaintiff's toboggan struck, injuring him due to lack of seeding, a denial of Clark's motion for a directed verdict was indicated. In view of the fact that the respective negligence of the parties as to one another was not presented to the jury, a remittal for a retrial is mandated.

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs. Ordered that the judgment is reversed, on the law, with costs to plaintiff, and matter remitted to the Supreme Court for a new trial.