■ GEORGE SPRAGUE et al., Appellants-Respondents, v PECKHAM MATERIALS CORP. et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. J & M HEATING AND AIR CONDITIONING, INC., Third-Party Defendant-Respondent-Appellant. [658 NYS2d 97] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Nastasi,

J.), entered May 2, 1996, as denied their cross motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted those branches of the motion of the defendants third-party plaintiffs which were for summary judgment dismissing the plaintiffs' causes of action based on Labor Law § 200 and common-law negligence, (2) the defendants third-party plaintiffs cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the plaintiffs' causes of action under Labor Law §§ 240 and 241, and (3) the third-party defendant cross-appeals from so much of the same order as granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment against it on the issue of indemnity.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs and disbursements.

The injured plaintiff George Sprague was employed as a service technician by the third-party defendant J & M Heating and Air Conditioning, Inc. (hereinafter J & M). While attempting to repair an air conditioning unit, the plaintiff fell from the ladder on which he was standing when the right leg of the ladder sank into the gravel surface upon which it had been positioned. The air conditioner, which was built into the wall of a NYNEX cell site, was not working due to a freon leak.

Labor Law § 240 (1) requires that a plaintiff be engaged in some type of construction, erection, demolition, or repair of a building or structure. Because the air conditioning unit was built into the wall of the NYNEX cell site, it was both a structure and part of the building for the purposes of Labor Law § 240 (1) (see, Lombardi v Stout, 80 NY2d 290; Izrailev v Ficarra Furniture, 70 NY2d 813). While it is true that Labor Law § 240 (1) does not apply to routine maintenance in a non-construction context (see, Edwards v Twenty-Four Twenty-Six Main St. Assocs., 195 AD2d 592), that is not the situation here. In this case, the injured plaintiff was engaged in the repair of a nonfunctioning air conditioner, and as such was engaged in the type of "repair" work which is specifically protected under Labor Law § 240 (1) (see, Kinsler v Lu-Four Assocs., 215 AD2d 631).

In order to prevail on a claim under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that this violation was a proximate cause of his or her injuries (see, Bland v Manocherian, 66 NY2d 452). Given the absence of evidence demonstrating that the ladder was defective in any way, the issue of whether the ladder provided the injured plaintiff

with proper protection as required under the statute is a question of fact for the jury *(see, Gange v Tilles Inv. Co.,* 220 AD2d 556; *Katisfarakis v Central School Dist. No. 1,* 201 AD2d 622).

Labor Law § 241 (6) imposes upon owners and contractors the duty to provide reasonable and adequate protection and safety to persons employed in construction, excavation, and demolition work *(see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). The record establishes that the injured plaintiff, while repairing the air conditioner, was engaged in "construction work" within the purview of Labor Law § 241 (6) *(see,* 12 NYCRR 23-1.4 [b] [13]; *Chavious v Friends Academy,* 213 AD2d 509). Furthermore, the injured plaintiff has alleged and submitted evidence of a violation of a specific provision of the Industrial Code *(see,* 12 NYCRR 23-1.21 [b] [4] [ii]), such that the defendants' motion for summary judgment dismissing the plaintiffs' cause of action pursuant to Labor Law § 241 (6) was properly denied *(see, Chavious v Friends Academy, supra).*

With reference to the plaintiffs' causes of action under Labor Law § 200 and common-law negligence, liability for these causes of action will attach when the injury sustained was a result of an actual dangerous condition, and then only if the defendant exercised supervisory control over the work performed on the premises or had notice of the dangerous condition which produced the injury *(see, Seaman v Chance Co.,* 197 AD2d 612). Given that the defendants had neither direction and control over the method or manner in which the injured plaintiff conducted his work, nor notice that the gravel was a dangerous condition, the plaintiffs have failed to satisfy the requisite elements to sustain causes of action based on Labor Law § 200 and common-law negligence *(see, Lombardi v Stout,* 80 NY2d 290, *supra).*

When a defendant owner is held liable under Labor Law § 240 (1) and § 241 (6) for a plaintiff's injuries, the owner of the worksite is entitled to indemnification from the plaintiff's employer upon a showing that the defendant did not direct or control the work of the plaintiff *(see, Richardson v Matarese,* 206 AD2d 354). Because the evidence clearly shows that the owners exercised no control over the worksite, they will be entitled to indemnification from J & M if they are held liable to the plaintiffs.

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her

employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (see, Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7). Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.