[660 NYS2d 893]

Terrance L. Rivers, Respondent, v Garden Way, Inc., Appellant. (And a Third-Party Action.)

Third Department, July 24, 1997

## APPEARANCES OF COUNSEL

*Donohue, Sabo, Varley & Armstrong,* Albany *(Kathleen L. Werther* of counsel), for appellant.

*Kouray & Kouray,* Schenectady *(Steven X. Kouray* of counsel), for respondent.

### OPINION OF THE COURT

PETERS, J.

Plaintiff, a tractor-trailer driver employed by third-party defendant Edgcomb Metals Company, was injured while attempting to make a delivery to defendant's factory in the Town of Waterford, Saratoga County. Upon arrival, plaintiff backed his tractor-trailer into a loading dock assigned to him by one of defendant's employees, climbed onto the flatbed of the tractor-trailer and readied his cargo to be unloaded by defendant's forklift operator. According to plaintiff, while waiting for defendant's employee to arrive, he used a crowbar to better position the pallets to be unloaded. As he was checking the position of the pallets while standing on the flatbed, he walked backwards into a space between the end of his trailer and defendant's loading dock. His right leg became wedged in this space, resulting in serious injury.

Plaintiff commenced this action against defendant alleging that his injury was caused by defendant's negligence in failing to repair and/or use dock safety devices, specifically a dock plate and a dock lock which would have reduced the gap between the tractor-trailer and the loading dock. Defendant impleaded third-party defendants. At the conclusion of a jury trial, defendant was found 35% negligent, plaintiff 65% negligent with no liability enuring to third-party defendants. Defendant now appeals.

■ First, concerning the purported error in Supreme Court's denial of defendant's motion for a directed verdict, we note that "such motion must be denied if there is any rational basis upon which a jury could find for the opposing party" (*English v City of Albany*, 235 AD2d 977, 978; *see, Gutz v County of Monroe*, 221 AD2d 838). Our review of the evidence presented supports the conclusion that since plaintiff was lawfully on defendant's property, defendant owed him a duty to maintain the property in a reasonably safe condition (*see, Basso v Miller*, 40 NY2d 233).

Plaintiff's testimony and that of Robert Hayner, employed by defendant for 26 years, detailed the procedure to be followed when a delivery was made. Hayner testified that once the tractor-trailer was positioned, an employee would open the loading dock's overhead door and, after determining whether the tractor-trailer was properly positioned, would activate a dock plate to close the gap between the tractor-trailer and the dock. Only the forklift operator assigned to unload the trailer was permitted to activate the dock plate. Hayner confirmed that had the dock lock been functional, there would have been only a three-inch gap between the tractor-trailer and dock.[1] Even acknowledging defendant's contention that plaintiff's failure to notice the gap between the tractor-trailer and the loading dock was the sole cause of his accident, we find that there existed a "rational basis" (*English v City of Albany*, supra, at 978) upon which the jury could have found that had the dock lock been functional or the dock plate activated upon plaintiff's arrival, his injuries could have been prevented. Accordingly, the motion was properly denied.

■ We find, however, that numerous trial errors warrant a reversal. It is axiomatic that the trial court has, within its discretion, the ability to "regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue" (CPLR 4011) and that any "error[s] in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced" (CPLR 2002; *see, Gonzalez v City of New York*, 148 AD2d 668, *lv denied* 74 NY2d 608). Here, because the primary defense proffered (i.e., that plaintiff's accident was caused solely by his own negligence in not checking the location of his trailer in relation to the loading dock before

---

1. Both plaintiff and Hayner testified that after plaintiff's fall, the dock plate, which was designed to close a gap of up to 14 inches, was positioned and the tractor-trailer unloaded without having to move the tractor-trailer any closer to the dock.

walking backward) was countered by extensive testimony concerning customary business practices when delivering and unloading cargo, it was error for Supreme Court to deny defendant's request to charge that a custom or practice does not establish a standard of reasonable conduct for a business and that "[a]n owner's duty to provide a safe workplace does not encompass protecting workers against defects that are readily apparent" (*McAdam v Sadler*, 170 AD2d 960, *lv denied* 77 NY2d 810; *accord, Duclos v Bisordi*, 209 AD2d 376; *Stephens v Tucker*, 184 AD2d 828; *see, Rivera v New York City Tr. Auth.*, 77 NY2d 322; *Rosas v Ishack*, 219 AD2d 633).

This error was further compounded by Supreme Court's instruction concerning a claim upon which there was no testimony[2] and its charge that defendant knew that the dock lock was missing and had a "duty" to correct it. While the court thereafter attempted to remove the affirmative duty placed on defendant, the charge thereafter became confusing, inconsistent, and cumulatively prejudicial (*see*, 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 4404.17).

Moreover, after retiring to deliberate, the jury returned one-half hour later requesting "the Judge's interpretation of the word negligence [and] substantial". After a discussion with counsel, Supreme Court reread the general instructions on both negligence and proximate cause. Approximately 45 minutes thereafter, the jury sought a reread, only to be followed approximately two hours later by another request for the definitions of "negligence" and "substantial". This time, however, the jury requested a copy of the text. Counsel immediately objected, prompting the court to simply reread the instructions. The court told the jurors, however, that if this second rereading still did not answer their questions, "don't hesitate to ask again" for a copy of the text. One-half hour later, the copy was so requested and provided over the objection of counsel for both sides.

In light of the lack of civil precedent,[3] we turn to the underpinnings of criminal law where it is well established that

---

2. Supreme Court charged as follows: "[T]hat the premises were not in a reasonably safe condition because of a broken Dock Lock which prevented plaintiff from getting close enough to the dock to safely unload the [cargo] for * * * defendant". Indisputable evidence established that plaintiff was not the party responsible for unloading the cargo.

3. At least one civil Trial Judge has been cautioned when the charge was delivered, in his presence, through a tape recording device due to the "various dangers inherent in such procedure" (*Fogel v Lenox Hill Hosp.*, 127 AD2d 548, 549, *lv denied* 69 NY2d 612).

such practice constitutes reversible error (*see, People v Owens*, 69 NY2d 585). As explained by the Court of Appeals, the risks that flow therefrom are threefold: "First, the fact that the trial court has selected certain portions of its charge may itself convey the message that these are of particular importance. Second, the very repetition of parts of the charge may serve to emphasize them and subordinate the others. Finally, the written instructions may be reinforced by their physical presence in the jury room, as the oral instructions fade from memory" (*id.*, at 591). While all of these risks may not have been present here, "jury instructions generally are not fertile ground for innovation during trial, particularly when [a] defendant objects" (*id.*, at 589). Here, it is apparent from the jury's requests that it was having difficulty understanding these legal concepts.

In reviewing a Trial Judge's obligation under these circumstances, we emphasize the following: "[R]egardless of whether the court was requested to marshal the evidence, it had an obligation to instruct the jury not only as to the law but also as to the application of the factual contentions of the parties to the legal principles charged. General or abstract principles of law, no matter how correct, are of little use to a jury unless they are related to the specific contentions of the parties" (*Bender v Nassau Hosp.*, 99 AD2d 744, 746). Noting that "[n]o point in a trial can be more critical than jury deliberations * * * [and that] [m]aterials taken into the jury room at those crucial moments may well influence the verdict" (*People v Moore*, 71 NY2d 684, 689 [Kaye, J., dissenting]), we find that Supreme Court's reiteration of general legal concepts, coupled with the provision of a written portion of the charge to the jury, cannot be rendered harmless in an effort to sustain this verdict (*see*, CPLR 2002).

Accordingly, based upon these cumulative errors, we find that reversal is warranted not only because a substantial right of a party was prejudiced (*see*, CPLR 2002), but also in the interest of justice (*see, Bolm v Triumph Corp.*, 58 AD2d 1014). In light of the foregoing, we need not address the other arguments advanced by defendant.

WHITE, J. P., CASEY, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial on the issue of liability only, with costs to abide the event.