■ PAUL J. CANNINO, Respondent, v LOCUST VALLEY FIRE DISTRICT, Defendant and Third-Party Plaintiff-Appellant, and TOWN OF OYSTER BAY et al., Respondents. ROBERT PETTIT, Doing Business as OCEAN SPRAY STUCCO, et al., Third-Party Defendants-Respondents. [661 NYS2d 240] —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated June 25, 1996, as (1) denied those branches of its motion which were (a) for summary judgment dismissing the plaintiff's cause of action based on Labor Law § 241 (6) and all cross claims based on that cause of action insofar as asserted against it, and (b) for summary judgment on its cross claim for indemnification against the third-party defendants, and (2) granted the cross motion of the defendant Locust Valley Water District for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is modified by (1) deleting the provision thereof which denied that branch of the motion of the defendant third-party plaintiff which was for summary judgment on its cross claim for indemnification against the third-party defendants and substituting therefor a provision granting that branch of the motion, in the event that it is held liable to the plaintiff, (2) deleting the provision thereof which granted that branch of the cross motion of the defendant Locust Valley Water District which was for summary judgment dismissing the plaintiff's cause of action based on Labor Law § 241 (6) and all cross claims and counterclaims based on that cause of action insofar as asserted against it and substituting therefor a provi-

sion denying that branch of the cross motion, and (3) adding thereto a provision that, upon searching the record, the Locust Valley Water District is granted summary judgment on its cross claim for indemnification against the third-party defendants, in the event that it is held liable to the plaintiff; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the assertions of the defendant Locust Valley Fire District (hereafter the fire district), the plaintiff was engaged in construction work within the purview of Labor Law § 241 (6) (see, 12 NYCRR 23-1.4 [b] [13]; *Abreu v Manhattan Plaza Assocs.,* 214 AD2d 526, 527; *Chavious v Friends Academy,* 213 AD2d 509) and therefore a viable cause of action under Labor Law § 241 (6) has been asserted against the fire district (see, *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494).

Furthermore, there exist triable issues of fact with respect to the question of whether the fire district was the actual owner of the building or at least, may be treated as such for purposes of the application of Labor Law § 241 (6) liability (see, *Demartino v CBS Auto Body & Towing,* 208 AD2d 886, 887; *see also, Grindley v Town of Eastchester,* 213 AD2d 448, 449). Thus, the court properly denied that branch of the motion of the fire district which was for summary judgment upon this cause of action.

Liability under Labor Law § 241 (6) also lies against the owner of the land on which the subject building is located, notwithstanding that the owner may not own the building itself (see, e.g., *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559-560; *Celestine v City of New York,* 86 AD2d 592, 593, *affd for reasons stated* 59 NY2d 938, 940). Therefore, we conclude on the state of this record that the plaintiff's cause of action under Labor Law § 241 (6) remains viable against the defendant Locust Valley Water District (hereafter the water district), the alleged owner of the land. Accordingly the plaintiff's Labor Law § 241 (6) cause of action is reinstated against the water district.

The fire district and the water district are entitled to indemnification from the third-party defendants, the parties who employed the plaintiff, in the event the fire district and the water district are held liable to the plaintiff (see, *Sprague v Peckham Materials Corp.,* 240 AD2d 392; *Richardson v Matarese,* 206 AD2d 354, 355). Although the water district did not move for summary judgment on the issue of indemnification against the plaintiff's employer we grant this relief upon searching the record (see, CPLR 3212 [b]; *Dunham v Hilco*

*Constr. Co.,* 89 NY2d 425, 429-430; *Rubenstein v DeGeorgio,* 236 AD2d 383; *Grimaldi v Pagan,* 135 AD2d 496, 497).

Although not raised as an issue on this appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment *(see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7). Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.