■ PETER C. ROTTKAMP et al., Appellants, v AMERICAN REF-FUEL COMPANY OF HEMPSTEAD et al., Respondents, et al., Defendant. [675 NYS2d 115] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated April 1, 1997, which granted the motion of the defendants American Ref-Fuel Company of Hempstead and Town of Hempstead Industrial Development Agency for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the motion which was for summary judgment dismissing the cause of action based upon Labor Law § 241 (6) insofar as asserted against the respondents and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Peter C. Rottkamp, an employee of the Town of Hempstead Water Department, allegedly sustained personal injuries while performing repair work to a fire hydrant which was located on and which serviced private property leased by the respondent American Ref-Fuel Company of Hempstead (hereinafter American Ref-Fuel) from the respondent Town of Hempstead Industrial Development Agency (hereinafter Hempstead IDA). The repair was being conducted pursuant to a let-

ter from the operations manager of American Ref-Fuel which had requested that the required work be performed under a purchase order from American Ref-Fuel. The plaintiffs subsequently commenced this action against, *inter alia,* Hempstead IDA and American Ref-Fuel to recover damages for Peter C. Rottkamp's injuries.

The Supreme Court correctly dismissed so much of the plaintiffs' complaint as was based upon Labor Law § 200, as the plaintiffs failed to prove that the respondents exercised supervision or control over the job site (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Lombardi v Stout,* 80 NY2d 290, 295). Further, "[a]n owner's duty to provide a safe workplace does not encompass protecting workers against defects or conditions that are readily apparent" (*Duclos v Bisordi,* 209 AD2d 376, 377; *McAdam v Sadler,* 170 AD2d 960).

However, the Supreme Court erred when it dismissed so much of the complaint as was based upon a violation of Labor Law § 241 (6). The Hempstead IDA failed to present sufficient evidence in support of its application for summary judgment to establish as a matter of law that it was not the owner of the site at which the accident occurred as alleged in the complaint (*see, GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965; *Weber v Sekapi, Inc.,* 246 AD2d 644). Furthermore, as to American Ref-Fuel, it is well settled that under Labor Law § 241 (6), "the term 'owner' encompasses a party with an interest in the property 'who fulfilled the role of owner by contracting to have work performed for his benefit' " (*Demartino v CBS Auto Body & Towing,* 208 AD2d 886, 887, quoting *Copertino v Ward,* 100 AD2d 565, 566; *see, Grindley v Town of Eastchester,* 213 AD2d 448; *Wendel v Pillsbury Corp.,* 205 AD2d 527). Accordingly, triable issues of fact exist with respect to the question of whether American Ref-Fuel may be treated as an owner for purposes of the application of Labor Law § 241 (6) (*see, e.g., Cannino v Locust Val. Fire Dist.,* 241 AD2d 534). Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.