*367 OPINION OF THE COURT
Andrew V. Siracuse, J.
Not long ago this case might have been considered a “routine” Labor Law § 240 (1) matter; the plaintiff, a construction worker, was working at a height and was injured in a fall when roof trusses collapsed at the construction site. As recently as its drastic revision of section 241 (6) jurisprudence, in Ross v Curtis-Palmer Hydro-Elec. Co. (81 NY2d 494) the Court of Appeals reaffirmed that the Scaffold Law was to be liberally construed, even though it applied only to the specific gravity-related hazards implied by the section’s list of safety devices (81 NY2d, at 500-501). The Court echoed the words of Rocovich v Consolidated Edison Co. (78 NY2d 509, 513): “It is settled that section 240 (1) ‘ “is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed”. (See Quigley v Thatcher, 207 N. Y. 66, 68.)’ (Koenig v Patrick Constr. Corp., 298 NY 313, 319.) Thus, we have interpreted the section as imposing absolute liability for a breach which has proximately caused an injury. Negligence, if any, of the injured worker is of no consequence (see, Bland v Manocherian, 66 NY2d 452, 459-461; Zimmer v Chemung County Performing Arts, supra, at 521; Koenig v Patrick Constr. Corp., supra)”. The customary course for many Scaffold Law cases was for the plaintiff to move for summary judgment as to liability. This was granted in many more cases than in negligence actions, because once a violation of the section was established — generally because no safety devices had been supplied or the circumstances of the fall itself showed an inadequacy in the ladder or scaffold in question — the plaintiff need only show that the breach contributed to the accident: “Although the plaintiff is ‘required to show that the violation of section 240 of the Labor Law was a contributing cause of [his accident]’ (Phillips v Flintkote Co., 89 AD2d 724, 725), and this issue should be determined by the jury, where there is no view of the evidence at trial to support a finding that the absence of safety devices was not a proximate cause of the injuries, the court may properly direct a verdict in the plaintiffs favor * * * If proximate cause is established, the responsible parties have failed, as a matter of law, to ‘give proper protection.’ ” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524.) Under these cases the plaintiff was required to show that he or she was a protected employee, engaged in one of the activities enumerated in the statute. If either the absence of safety de *368 vices or the failure of a device contributed to a fall from a height or an object’s falling from an elevated work place, he was entitled to judgment on liability as a matter of law.
In retrospect these holdings now appear to have marked the high-water point in a plaintiff-oriented interpretation of the section. Scaffold Law cases that might have been decided at summary judgment are increasingly being tried by a jury, courts have made ever more frequent reference to proximate cause issues and the recalcitrant worker exception, and what was once considered to be a form of absolute liability has now taken on the character of negligence. In the present case the defendant owner has cited a number of the most recent cases that appear to limit the plaintiff’s right to recover. For the reasons detailed below this court holds that they do not apply or should not be followed.
The facts of the case are not in dispute. Plaintiff Eric Secord was employed by a contractor, Woodford Brothers, Inc., which had been engaged by defendant Willow Ridge Stables, Inc., to construct a new roof over the stable’s indoor riding arena. On October 1, 1996, plaintiff and others were installing roof trusses, and plaintiff was waiting on one truss for another to be positioned so that he could fasten it in place. Before the roof was finished the trusses were supported by braces made of 2 by 4 lumber, but these braces had been removed by a fellow employee shortly before the accident; unsupported, the trusses began to fall — like dominoes, according to one account — and plaintiff fell 10 to 15 feet to the ground.
Defendant cites three cases in its memorandum of law, and all deserve close attention. They are Sprague v Peckham Materials Corp. (240 AD2d 392), from the Second Department, the much-discussed Court of Appeals case Weininger v Hagedorn & Co. (91 NY2d 958), and Bernal v City of New York (217 AD2d 568), also a Second Department case.[1]
In Sprague v Peckham Materials Corp. (supra) the plaintiff was repairing an air-conditioning unit while standing on a ladder. He “fell from the ladder on which he was standing when the right leg of the ladder sank into the gravel surface upon which it had been positioned” (240 AD2d, at 393). The Court held that he was engaged in the repair of a structure, and was thus entitled to the protection of the statute. It went on, however, to state: “Given the absence of evidence demonstrat *369 ing that the ladder was defective in any way, the issue of whether the ladder provided the injured plaintiff with proper protection as required under the statute is a question of fact for the jury” (supra, at 393-394). Defendant argues that the 2 by 4 braces supporting the trusses were safety devices, that there was no evidence that they were defective, and thus the question of whether they provided proper protection is one of fact for a jury, adding that “the plaintiff must * * * show that the violation was the proximate cause of the plaintiff’s injuries” (mem of law, unpaginated [emphasis added]).
The defendant’s reliance on Sprague (supra) is misplaced, and the case itself is not above criticism. While there was no allegation before the Second Department that the ladder was defective, the Court did find that the accident was caused at least in part by the ladder’s being placed on gravel. Labor Law § 240 (1) does not limit itself to the condition and design of the safety devices themselves; it requires that they be “so constructed, placed and operated as to give proper protection” (emphasis added). Surely a ladder resting on uneven or unstable soil is not properly placed (see, e.g., Cardile v D'Ambrosia, 72 AD2d 544 [“While the jury did not credit Frank Cardile’s testimony that the ladder itself was flawed, it clearly was of the belief that the ladder was not ‘placed and operated as to give proper protection’ to the worker”]; Haimes v New York Tel. Co., 46 NY2d 132 [unsecured ladder a violation]). Since any comparative negligence on the part of the employee is not to be considered (see, Rocovich v Consolidated Edison Co., supra), the plaintiff in Sprague would appear to have established that there was “no view of the evidence * * * to support a finding that the [violation] was not a proximate cause of the injuries, [so] the court may properly direct a verdict in the plaintiff’s favor” (Zimmer v Chemung County Performing Arts, supra, at 524 [emphasis added]).
In the present case there are, in any event, very few parallels with Sprague (supra). Simply because the 2 by 4’s were called “braces” neither establishes that they were safety devices within the meaning of the section nor proves that the requirement of the section has been met by their existence. The court is inclined to hold that they were not safety devices, as they were not designed so much to protect workers as they were to secure the trusses. A safety line, for example, would be a more appropriate safety device for one in the plaintiffs position. Further, the “braces” were obviously not so placed and used so as to provide any protection whatsoever.
*370 The defendant’s use of the phrase “the proximate cause” is also misleading, as it suggests that the plaintiff must exclude other possible causal links leading up to his accident. The Court of Appeals cases, on the contrary, use the indefinite article, a proximate cause. This is not merely a grammatical quibble. Under the Court of Appeals language the plaintiff has a relatively low burden: the worker simply has to exclude the possibility that the accident was unconnected with a violation of section 240 (1). If there is no reasonable view of the evidence in which the accident had no causal link with a defect in the device or its placement or operation, the plaintiff should recover as a matter of law.
That the Court of Appeals has maintained this position up to the present is not immediately apparent in reading Weininger v Hagedorn & Co. (91 NY2d 958, supra), but that case in fact is consistent with Rocovich (supra), Zimmer (supra) and many others. What has most “chilled the plaintiff’s bar for the past months” (Breakstone, Bill of Particulars, NY St Trial Lawyers’ Assn, at 16 [Dec. 1998]) is the apparent breadth of the Court’s pronouncement; as reported in the brief memorandum, the plaintiff “fell from a ladder”, and the Court held that the Trial Judge had improperly directed a verdict for the plaintiff; “a reasonable jury could have concluded that plaintiff’s actions were the sole proximate cause of his injuries, and consequently that liability under Labor Law § 240 (1) did not attach” (91 NY2d, at 960).
This does indeed seem like a break from the past, and there is nothing in the Appellate Division decision that would lead one to a different conclusion. In the lower court, in fact, neither majority nor dissent even addressed proximate cause; “[t]he only issue presented * * * [was] whether [plaintiff] was engaged in the alteration or repair of a structure” (241 AD2d 363, 364). The one mention of the circumstances of the accident is a single sentence in the dissent: plaintiff “was standing on the second or third step of a six foot metal A-frame ladder * * * when the ladder collapsed” {supra, at 364-365 [Mazzarelli and Andrias, JJ., dissenting]).
The record on appeal, however, shows that there was evidence before the Court that plaintiff was standing on the crossbar of the ladder, a misuse of the device.[2] The omission of this key fact from all the written decisions is surprising, *371 because it is the best explanation of the Court of Appeals holding. While the testimony was questionable, it would clearly have been possible for a reasonable jury to conclude that the accident was caused by this misuse rather than any defect in the ladder itself or its placement or operation; this issue of fact would preclude a directed verdict or summary judgment.
Since the ratio decidendi of a case is not the statement of law alone but its result as applied to the facts before the court, Weininger’s holding is unexceptional. By its unfortunate failure to set out the facts in the decision, however, the Court of Appeals inadvertently created the impression that fact questions arise in cases where it had always been assumed there were none. Only one court so far has produced a reported opinion that interprets Weininger (supra) with an eye to the facts as seen in the record on appeal; in Joblon v Solow (23 F Supp 2d 411, 412), the Southern District of New York noted that in Weininger “it was claimed that the plaintiff stepped on the crossbar”. The others, relying on the language of the Court of Appeals memorandum decision, have attempted to reshape their approach to Scaffold Law cases — unnecessarily, in this court’s view.
Defendant does not cite Weininger (supra) for the dubious interpretation that results when its factual situation is ignored. Since there is no evidence concerning the plaintiff’s actions that would put any responsibility on him, the defendant points to the unnamed co-worker who removed the 2 by 4’s. Citing Bernal v City of New York (217 AD2d 568, 568-569, supra), the defendant suggests that this was the sole proximate cause of the accident: “a reasonable fact-finder might conclude that the coworker’s conduct was the sole proximate cause of the plaintiff’s injuries or that the coworker’s conduct constituted an unforeseeable superseding, intervening act”.
In Bernal (supra), the plaintiff was being lowered from a scaffold on a “Hi-Lo”, a mechanical device that had not been used before for this purpose. The “Hi-Lo” hit the scaffold which then collapsed, injuring the plaintiff. The Court affirmed the Trial Judge’s denial of summary judgment to the plaintiff.
This is the most troubling of the three cases cited by the defendant, especially in its language. Bernal (supra) suggests that the protection of section 240 (1) does not extend to accidents caused by co-workers. In addition, it incorporates foreseeability, a negligence concept, into what had been a form of absolute liability based on the type of danger involved.
The safety devices enumerated in section 240 (1) are designed to protect against the manifold hazards of construe *372 tion work at a height. If they fail to prevent an injury liability will attach, whether or not the devices in use met the general standard of care in the industry or the conduct of the employer was reasonable. It is difficult to see how much clearer the Court of Appeals could be in rejecting negligence concepts in its decision in Zimmer v Chemung County Performing Arts (65 NY2d 513, 521, 523, supra):
“‘“[F]or breach of that duty, thus absolutely imposed, the wrongdoer is rendered liable without regard to his care or lack of it” ’ (Joyce v Rumsey Realty Corp., supra, at p 122) * * *
“As noted by the Second Department in Kenny v Fuller Co. (87 AD2d 183 * * * supra), ‘[t]he primary distinction between sections 240 (subd 1) and 241 (subd 6) is that the latter requires a determination of whether the safety measures actually employed on a job site were “reasonable and adequate”, while the former is mandatory in its nature and imposes absolute liability for any injury arising from its breach. The question of* * * circumstantial reasonableness is therefore irrelevant under subdivision 1 of section 240’ (id., at p 186 [citations omitted])”.
The section “establishes its own unvarying standard” (at 523), without reference to either reasonableness or foreseeability.
In negligence law the scope of duty is measured by foreseeability. A landowner, for example, owes a duty to foreseeable occupants of the land to secure against reasonably foreseeable hazards. This is a concept that is often misunderstood. It is sometimes said that one’s negligence does not make one liable if the causal chain is interrupted by an unforeseeable intervening act. The better interpretation is that one is not negligent at all, for the law very reasonably does not impose a general duty to protect someone from conduct which could not be foreseen.
Foreseeability is a gauge for duty in negligence cases, but in the face of the “flat and unvarying standard” set out in section 240 (1) it has no application at all. (It is not for nothing that then Chief Judge Wachtler protested in Zimmer [supra (dissenting opn)] that the Court was creating insurer’s liability.) The “unforeseeable intervening act” relieves the tort defendant because it is outside the scope of his duty. Since the scope of duty of the Scaffold Law defendant is measured by a statutory standard, though, without regard for foreseeability, it cannot be “cut off’ by an unforeseeable act.
There is a less theoretical problem with the Bernal case (supra), as well. Safety devices are present to save one when *373 things go wrong, and surely the carelessness of co-workers is one of the very dangers to be expected on a work site, and one of the major precipitating factors in construction accidents. The position urged by the defendant would leave very little of the protection long granted by the Scaffold Law. The coworker’s removal of the braces here was clearly a negligent act; but it does not relieve the defendant’s obligation to compensate the plaintiff when safety devices failed to protect him in the ensuing collapse.
In short, none of the cases presented by the defendant persuades this court to treat this motion any differently than it might have otherwise. The plaintiff was injured in an elevation-related accident that was not prevented by any safety device; indeed, no safety devices were present on the site. He is entitled to partial summary judgment on liability.
The defendant’s cross motion to dismiss the section 200 (1) and section 241 (6) claims is granted, however. Plaintiff has not shown any direction or control of the work by the defendant, and has cited no sections of the Industrial Code which were violated.

. Because the Fourth Department’s decisions on similar points are at odds with these Second Department cases, this court is not bound by them.

. The court is most grateful to the plaintiffs’ appellate attorney, Carol Finocchio, who graciously supplied a copy of part of her brief.